No. 84-121

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

EARL LUTZENHISER & KENNETH RUSSELL,

Plaintiffs and Respondents,

-vs-

DICK HOLZWORTH,

Defendant and Appellant.

_____

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Patrick Flaherty, Great Falls, Montana

For Respondent:

Lawrence A. Murphy, Helena, Montana

_____

Submitted on Briefs: June 28, 1984

Decided: November 13, 1984

Filed: NOV 13 1984

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs filed suit for a judgment quieting title in plaintiffs to the mineral interests in certain real property, money damages and an order restraining defendant from entering upon the property in the future. Following jury trial, judgment in the sum of $7,050, plus interest and costs was entered for plaintiffs. Defendant appeals from the judgment and from the District Court's denial of his pre-trial motion for summary judgment. We affirm.

On March 12, 1979, plaintiffs filed a complaint alleging that they were the legal owners of a placer mining claim in Lewis and Clark County, commonly known as the Con Kelly Claim No. 1. Plaintiffs alleged that defendant unlawfully entered the Con Kelly on or about May 23, 1978, unsuccessfully attempted to locate a quartz lode, and, by use of threats and firearms, prevented plaintiffs from entering upon their claim. Plaintiffs alleged money damages of $25,000, requested $50,000 in punitive damages, sought a restraining order prohibiting defendant from entering upon their claim and a declaratory judgment quieting title to the Con Kelly in plaintiffs.

Defendant answered the complaint pro se, denying each of plaintiffs' allegations. Defendant asserted that plaintiffs were not the legal owners of the property and that he was on the property with the owner's permission. Defendant counterclaimed against plaintiffs and their attorney, alleging that plaintiffs' attorney had represented defendant in another case.

The District Court ordered trial set for January 7, 1981, with discovery to be completed and a proposed pre-trial order to be filed in December 1980. A proposed pre-trial

2

order, signed by plaintiffs' counsel and defendant was filed on December 22, 1980. The proposed order stated that there were no agreed facts in this case and identified ten issues for trial.

Defendant appeared pro se and filed a motion to disqualify plaintiffs' counsel on January 7. The District Court vacated the January 7, 1981 trial date. Prior to setting a new trial date, the court held hearings on various motions and a show cause hearing on a restraining order.

On September 28, 1983, plaintiffs filed a notice of readiness for pre-trial conference. Defendant filed objections, claiming discovery was not complete and further pleadings would be forthcoming. The District Court set the case for jury trial on February 14, 1984. The court ordered an attorneys' conference and all pre-trial motions filed by January 13, 1984.

On January 9, 1984, defendant filed a motion for summary judgment, judgment on the pleadings and dismissal of the complaint for failure to state a claim. Plaintiffs' counsel and the defendant, acting pro se, appeared at the hearing on the motion. The court reserved ruling on the motion.

On February 8, 1984, a hearing was conducted on defendant's motion for summary judgment, plaintiffs' motion to compel answers to plaintiffs' interrogatories, and plaintiffs' motion to dismiss defendant's counterclaim. After hearing argument from both parties and considering the record, the District Court denied defendant's motion for summary judgment.

3

The case was tried before a jury as scheduled on February 14, 1984. The jury returned a verdict against defendant for $7,050 in damages, plus interest and costs.

Defendant's counsel filed a timely notice of appeal of (1) the jury's final judgment against defendant, and (2) the District Court's denial of defendant's motion for summary judgment.

I

No transcript of the trial has been filed. In his opening brief to this Court, defendant's counsel states that "[a]lthough the Defendant has grounds to contest this verdict, he is without the funds to justify a transcription of the record." He asserts that the sole issue on appeal is whether the District Court erred in denying his motion for summary judgment. He further asserts that this Court should not be influenced by the jury verdict against defendant, since the appellate court's standard of review restricts it to the state of the pleadings on the day prior to the hearing on the motion.

Rule 9(b), M.R.App.Civ.P., provides in pertinent part:

> ". . . Within 10 days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. In all cases where the appellant intends to urge the insufficiency of the evidence to support the verdict, order or judgment in the district court, it shall be the duty of the appellant to order the entire transcript of the evidence. . . ."

In order for this Court to have a basis upon which to review the sufficiency of evidence to support a verdict, a transcript is necessary. Rule 9(b), M.R.App.Civ.P. imposes an absolute duty upon the appellant to provide this Court

with a transcript of the entire trial if sufficiency of the evidence is an issue on appeal.

We hold that defendant's challenge to the final judgment cannot be reviewed on appeal in the absence of a transcript.

II

Rule 56(b), M.R.Civ.P. permits a defendant to move for a summary judgment in his favor at any time with or without supporting affidavits. Rule 56(c), M.R.Civ.P. provides in pertinent part:

> ". . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

Summary judgments serve the purpose of judicial economy where there is no genuine issue of material fact. As this Court stated in Cereck v. Albertson's Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 510-11:

> "The purpose of the summary judgment procedure is to encourage judicial economy by eliminating unnecessary trials, and it is proper under Rule 56(c), M.R.Civ.P., only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. . . .
>
> "It is well established that a party moving for summary judgment has the burden of showing a complete absence of any genuine issue as to all facts deemed material in light of the substantive principles that entitle that party to a judgment as a matter of law. . . . All reasonable inferences that may be drawn from the offered proof are to be drawn in favor of the party opposing the summary judgment." (citations omitted)

Here, the District Court concluded there were issues of material fact. A hearing was held on March 8, 1983,

5

approximately 10 months prior to the motion for summary judgment. The court's minute entry from that date states:

> "This was the time set for hearing on the defendant's motion to dismiss. . . . Present in Court were plaintiffs and their counsel, Lawrence Murphy, Dick Holzworth, acting pro se. Mr. Holzworth offered argument favoring dismissal of the case. Mr. Lawrence Murphy replied. The parties agreed the mineral interest in the property is owned by both plaintiffs Lutzenhiser and Russell, <u>the only issue left to be decided is the question of damages plaintiffs claim defendant inflicted on property</u>. . . ." (emphasis added)

The District Court there concluded that the issue that remained for determination was the amount of property damage caused by the defendant. In addition, prior to entry of the order denying summary judgment, the defendant submitted a proposed pre-trial order in which he identified three specific issues of fact for trial. At that point, the voluminous court file, with its numerous pre-trial motions and papers on extraneous matters, did identify specific issues of fact for determination.

We hold that the defendant has failed to show an absence of genuine issues of material fact and that he was entitled to judgment as a matter of law. The District Court's denial of the motion for summary judgment is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

6