No. 87-402

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

GREGG GLASPEY,

          Plaintiff and Appellant,

-vs-

THOMAS WORKMAN, BERNADETTE WORKMAN,
and BERNADETTE'S INC.,

          Defendants, Respondents and
          Cross-appellants.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lynch & Best; Elizabeth A. Best, Great Falls, Montana

    For Respondent:

        Hartelius, Ferguson & Baker; Channing J. Hartelius,
        Great Falls, Montana

Submitted on Briefs: Jan. 14, 1988

Decided: February 10, 1988

Filed: **FEB 1 0 1988**

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Following a joint motion for summary judgment, the District Court of the Eighth Judicial District, Cascade County, issued findings of fact, conclusions of law and judgment piercing the corporate veil of Bernadette's, Inc. Glaspey appeals the portion of the judgment which denied attorneys fees and allegedly denied punitive damages. We affirm in part and reverse in part.

The issues on appeal are:

1. Did the District Court incorrectly conclude that there is no statutory authorization for the payment of attorneys fees when an employee is forced to pierce the corporate veil in order to collect a judgment for wages?

2. Did the District Court incorrectly conclude punitive damages are not available under such circumstances?

The controversy at hand arose as a result of the insolvency of Bernadette's, Inc., a Great Falls eatery. Glaspey had been employed by Bernadette's, Inc. as a chef, until June, 1984. At that time, Bernadette's, Inc. failed to pay Glaspey's wages which were due and owing.

Following a successful wage claim action, Glaspey sought to collect the amount of the judgment. However, when the Sheriff of Cascade County attempted to execute on the judgment, he was only able to obtain $5.49. Glaspey then initiated the instant action to pierce the corporate veil of Bernadette's, Inc. His complaint further alleged that Workman's employment of the corporate veil to escape a wage claim judgment constituted a species of fraud and breach of the covenant of good faith and fair dealing.

The first issue before the court concerns the propriety of attorneys fees. Glaspey contends the District Court erred in concluding that there is no statutory authorization for the payment of attorneys fees when an employee is forced to pierce the corporate veil in order to collect a judgment for wages. We agree.

The controlling statute regarding attorneys fees in wage collection actions is § 39-3-214, MCA, which provides:

> 39-3-214. <u>Court costs and attorneys' fees.</u>
> (1) Whenever <u>it is necessary</u> for the employee to enter or maintain a suit at law for the <u>recovery or collection of wages</u> due as provided for by this part, a resulting judgment must include a reasonable attorney's fee in favor of the successful party, to be taxed as part of the costs in the case. (Emphasis added.)
>
> (2) Any judgment for the plaintiff in a proceeding pursuant to this part must include all costs reasonably incurred in connection with the proceeding, including attorneys' fees.
>
> . . .

In construing § 39-3-214, MCA, this Court will adhere to Montana's well established rules pertaining to the construction and interpretation of statutes which we recently affirmed in Murphy v. State of Montana (Mont. 1987), ___ P.2d ___, ___, 44 St.Rep. 2030, 2032. In <u>Murphy</u>, this Court held:

> The intention of the legislature must first be determined from the plain meaning of the words used, and if interpretation of the statute can be so determined, the courts may not go further and apply any other means of interpretation.

Citing State v. Hubbard (1982), 200 Mont. 106, 111, 649 P.2d 1331, 1333.

It is clear to us from the plain meaning of the words utilized in § 39-3-214, MCA, that the legislature's intent in passing the statute was to provide an employee who wins a

- 3 -

judgment for wages due against an employer a vehicle by which to receive attorneys fees and thus be made whole. Further, it is equally clear that attorneys fees must be awarded "whenever it is necessary for the employee to enter or maintain a suit at law for the recovery or collection of wages . . ." Section 39-3-214, MCA.

Section 39-3-214, MCA, is applicable to the case at bar as it was "necessary" for the plaintiff to maintain an action to pierce the defendant's corporate veil in order to recover and collect on the previous judgment awarded him on his wage claim action. As such the action to pierce the corporate veil was a continuation of the wage claim action and the plaintiff is entitled to attorneys fees. Section 39-3-214(1), MCA.

Glaspey also contends that the District Court's alleged refusal to submit the issue of punitive damages to a jury constituted error. However, the District Court did not address the issue in the findings of fact, conclusions of law, and judgment. Nor did Glaspey provide this Court with a transcribed record of the proceedings. The purported statements of the District Court contained within Glaspey's brief do not constitute a record subject to appellate review. We, therefore, do not address the issue. See, Lutzenhiser v. Holsworth (Mont. 1984), 690 P.2d 990, 41 St.Rep. 2102.

We affirm the refusal to submit the issue of punitive damages to the jury. We reverse the denial of attorney fees, and remand for a determination of such fees. Costs on appeal to Glaspey.

_John C. Sheehy_
Justice

We Concur:

- 4 -

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_[signature]_

_[signature]_

_William E Hunt Sr_

_[signature] McDonough_
Justices