No. 88-225

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

GREGG GLASPEY,

        Plaintiff and Respondent,

-vs-

THOMAS WORKMAN, BERNADETTE WORKMAN,
and BERNADETTE'S, INC.,

        Defendants and Appellants.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Channing Hartelius; Hartelius, Ferguson & Baker,
Great Falls, Montana

For Respondent:

Elizabeth A. Best; Lynch & Best, Great Falls, Montana

Submitted on Briefs: Aug. 26, 1988

Decided: October 27, 1988

FILED

'88 OCT 27 AM 9 59

CLERK
MONTANA SUPREME COURT

Filed:

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Thomas and Bernadette Workman appeal from an order of the Eighth Judicial District, Cascade County, awarding attorney's fees to respondent Glaspey in the amount of $7,500. We affirm the District Court order and remand for an evidentiary hearing to determine the amount of attorney's fees incurred by Glaspey on this appeal.

The Workmans raise two issues on appeal.

1. Did the District Court err in awarding attorney's fees incurred on appeal?

2. Did the District Court abuse its discretion by awarding attorney's fees of $7,500 on a judgment of $1,589?

This appeal is a continuation of a wage claim action that commenced in 1985. At that time, Glaspey won an administrative judgment of $1,294 for wages due from Bernadette's, Inc.

Due to Bernadette's insolvency, Glaspey's attempts to execute on the judgment resulted in the attainment of a mere $5.49. Glaspey then instituted suit against the Workmans and Bernadette's, attempting to pierce the corporate veil in order to hold the Workmans personally liable on the claim. The District Court granted summary judgment in the amount of $1,589 to Glaspey but refused to award attorney's fees.

Glaspey appealed the issue of attorney's fees to this Court. In Glaspey v. Workman (Mont. 1988), 749 P.2d 1083, 45 St.Rep. 226, (Glaspey I), we reversed the District Court. We held that the action to pierce the corporate veil was a continuation of the wage claim action and, therefore, Glaspey was entitled to attorney's fees. We remanded to the trial

court for a determination of such fees and also awarded Glaspey his costs on appeal.

The District Court held an evidentiary hearing on the issue of attorney's fees on March 21, 1988. During the hearing, the District Court heard the testimony of Glaspey's attorney as well as that of experts for both sides. In addition, Glaspey's attorney submitted an affidavit reflecting a total fee of $10,457 for charges incurred from April, 1986, up to the time of the March, 1988, hearing.

On March 28, 1988, the District Court issued its findings of fact, conclusions of law and order awarding attorney's fees of $7,500 to Glaspey. It is from this award that the Workmans appeal.

The Workmans first contend that the District Court improperly included in its award those attorney's fees incurred by Glaspey on appeal. This contention is incorrect.

We have previously recognized that an employee in a wage claim action may receive attorney's fees on appeal. Erdman v. C & C Sales, Inc. (1978), 176 Mont. 177, 577 P.2d 55. The Workmans argue that such an award is discretionary and that, furthermore, Glaspey was granted only his "costs" on appeal, not his attorney's fees.

It is true that in Glaspey I , we awarded "costs" on appeal. Glaspey I, 749 P.2d at 1085, 45 St.Rep. at 228. It is also true that § 25-10-201, MCA, does not include attorney's fees on its list of allowable costs. We have consistently held, however, that § 25-10-201, MCA, does not apply in the presence of another statute that specifically allows attorney's fees. Masonovich v. School Dist. No. 1 (1978), 178 Mont. 138, 140, 582 P.2d 1234, 1235; Britt v. Cotter Butte Mines (1939), 108 Mont. 174, 179, 89 P.2d 266, 267; Gardiner v. Eclipse Grocery Co. (1925), 72 Mont. 540, 550-51, 234 P. 490, 494.

Section 39-3-214, MCA, mandates the award of attorney's fees in a wage claim action. The pertinent parts of that stutute provide:

> (1) Whenever it is necessary for the employee to enter or maintain a suit at law for the recovery or collection of wages due as provided for by this part, a resulting judgment <u>must include a reasonable attorney's fee</u> in favor of the successful party, <u>to be taxed as part of the costs</u> in the case.
>
> (2) Any judgment for the plaintiff in a proceeding pursuant to this part must <u>include all costs</u> reasonably incurred in connection with the proceeding, <u>including attorneys' fees</u>.
>
> . . .

Section 39-3-214, MCA. (Emphasis added.)

Hence, the statute requiring attorney's fees in a wage claim action specifically provides that costs include attorney's fees. Our award of costs in <u>Glaspey I</u> therefore implicitly included a grant of attorney's fees incurred on the appeal.

The Workmans rely on Thornton v. Comm'r of Dep't of Labor and Industry (Mont. 1980), 621 P.2d 1062, 37 St.Rep. 2026, for the proposition that an award of attorney's fees on appeal is discretionary. This reliance is misplaced. In Thornton, an employee appealed the administrative determination of his wage claim. The District Court dismissed the appeal and we affirmed. Because Thornton was unsuccessful in his appeal, we denied his request for attorney's fees incurred on appeal. Glaspey, on the other hand, was successful in his appeal. The mandatory language of § 39-3-214, MCA, requires that a reasonable attorney's fee must be awarded to an employee who successfully brings an appeal of a wage claim action.

The Workmans next contend that the District Court abused its discretion in awarding attorney's fees of $7,500 on a

- 4 -

judgment of $1,598. They argue that the award was excessive and that it was not based on competent evidence. We do not agree.

The amount a party may be awarded in attorney's fees is within the discretion of the District Court. Unless an abuse of discretion is shown, an attorney's fee award that is based on competent evidence will not be disturbed on appeal. Magers v. The Shining Mountains (Mont. 1988), 750 P.2d 449, 453, 45 St.Rep. 283, 288.

Before granting attorney's fees, a district court must hold an evidentiary hearing to determine the reasonableness of the requested fees. Evidence elicited through oral testimony, cross examination, and the introduction of exhibits is competent evidence upon which an attorney's fee award can be based. Audit Services, Inc. v. Haugen (1979), 181 Mont. 9, 15, 591 P.2d 1105, 1109.

Such a hearing was conducted in the instant case. The District Court heard the testimony of experts for both sides as well as the testimony of Glaspey's attorney. The court also accepted an affidavit itemizing the number of hours expended on the suit by Glaspey's counsel. Under these circumstances the Workmans' argument that the award of attorney's fees was not based upon competent evidence is without foundation.

The Workmans also maintain that an attorney's fee of $7,500 on a wage claim of less than $2,000 is unreasonable as a matter of law. We cannot agree. An attorney's fee that exceeds the amount in controversy is not per se excessive. See Simkins-Hallin Lumber Co. v. Simonson (Mont. 1984), 692 P.2d 424, 41 St.Rep. 2305. Each case depends on its own unique set of facts.

The relation between the amount of fees requested and the judgment is just one of several factors a district court

should consider when making an award of attorney's fees. The elements a district court should examine when determining the reasonableness of an attorney's fee include the following:

> (1) the amount and character of the services rendered; (2) the labor, time, and trouble involved; (3) the character and importance of the litigation in which the services were rendered; (4) the amount of money or the value of the property to be affected; (5) the professional skill and experience called for; (6) the character and standing in their profession of the attorneys; and (7) the result secured by the services of the attorneys.

Magers, 750 P.2d at 453, 45 St.Rep. at 288. If the evidence supports these factors, we will not upset an attorney's fee award.

There can be no doubt of the importance of the present litigation. Glaspey had not been paid wages due and owing. The only way he could be made whole was by pursuing action against the Workmans personally. The legislature has recognized the gravity of an employee's right to wages by providing penalties against employers who fail to pay wages due, § 39-3-206, MCA, and by requiring an award of attorney's fees to employees who successfully maintain suit to collect wages, § 39-3-214, MCA.

Furthermore, this case presented more than a simple matter of collection. Glaspey was forced to pierce the corporate veil of Bernadette's in order to collect his claim. The record shows that considerable time and energy was expended toward this end. Glaspey's attorney engaged in discovery, research and trial preparation to win a judgment against the Workmans. Glaspey was then compelled to pursue an appeal to this Court to secure attorney's fees that were denied by the District Court.

The District Court judge determined the reasonableness of the requested fees from a most advantageous position. Having presided over the case from the initial filing of the pleadings, he had the opportunity to observe the wrangling of the parties throughout the suit. After an evidentiary hearing he granted attorney's fees of $7,500, an amount that was less than the $10,457 requested by Glaspey. We can find no abuse of discretion under these circumstances.

Glaspey asks for damages under Rule 32, M.R.App.P., claiming that this appeal by the Workmans was without merit. Although we have not agreed with the Workmans' contentions, we cannot say that the appeal was taken without reasonable grounds. We therefore deny Glaspey's request for damages.

Glaspey also requests attorney's fees incurred on this appeal. In Glaspey I , we stated:

> the legislature's intent in passing [§ 39-3-214, MCA,] was to provide an employee who wins a judgment for wages due against an employer a vehicle by which to receive attorneys fees and thus be made whole.

Glaspey I, 749 P.2d at 1084, 45 St.Rep. at 228. That reasoning applies here and Glaspey is entitled to attorney's fees for this appeal.

We affirm the District Court's previous order awarding attorney's fees to Glaspey and remand for an evidentiary hearing on the matter of attorney's fees incurred on this appeal.

_____
                            Justice

We Concur:

_____
   Chief Justice

- 7 -

John Conway Harrison

R. C. McKenzie

L. C. Gulbrandson,

Justices