No. 89-606

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

CLAYTON E. DEVOE,

      Plaintiff and Appellant,

   v.

GUST. LAGERQUIST & SONS, INC., and
JERRY BROWN, its Western Regional Manager,

      Defendants and Respondents.

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          David Rodli, Missoula, Montana
          George Curtis DeVoe, Missoula, Montana

     For Respondent:

          Kim L. Ritter, Missoula, Montana

Submitted on Briefs:  June 28, 1990

Decided:  August 20, 1990

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

This suit arose out of a contract for the sale and installation of an elevator. A jury in the District Court for the Fourth Judicial District, Missoula County, found for defendants. Plaintiff Clayton E. DeVoe appeals. We affirm.

The issues are:

1. Did the District Court err in refusing to dismiss the lien foreclosure action?

2. Did the court err by denying the motion to alter or amend the verdict?

3. Did the court err in awarding prejudgment interest?

4. Did the court err by granting defendants attorney fees?

In February 1987, Clayton E. DeVoe (DeVoe) contracted to buy an elevator from Gust. Lagerquist & Sons, Inc. (Lagerquist), through its representative, Jerry Brown. The elevator was installed in a building DeVoe owned in Missoula, Montana. DeVoe was dissatisfied with both the installation and the performance of the elevator, which, according to him, remained unusable at the time of trial.

In August 1987, having received no payment for the elevator, Lagerquist filed a lien against DeVoe's building. At the same time, DeVoe filed a complaint against Lagerquist and Brown, alleging breaches of contract and warranty, negligent or fraudulent misrepresentation, and breach of the covenant of good faith and

fair dealing. The following month, Lagerquist filed a complaint against DeVoe to foreclose its lien.

The two actions were consolidated for jury trial, at which the evidence conflicted on several points. The original of the contract, which had been typed by DeVoe's son, was placed into evidence by DeVoe. It required "[c]ompletion to be on or before 11 weeks from this date or date of confirmation of shipping by factory whichever is later, or Seller will reduce cost by $50.00 per day, until completed." It appeared that the "11" had been typed over a "13." DeVoe testified that 11 weeks had been agreed upon. Brown testified that, following negotiations, they had agreed that Lagerquist would have 13 weeks to build and install the elevator.

DeVoe testified that the 11 weeks began to run on February 12, by agreement. Brown testified that the 13 weeks began to run on February 26, the day he received confirmation of shipping from the factory. DeVoe testified that installation of the elevator was never really completed, and that Lagerquist's workers left the job a few days before May 20 and only came back to answer repair calls after that date. Brown testified that the elevator was completely installed on May 13 and that on May 22 it was retrofitted with a new computer control panel and finally adjusted. The testimony further conflicted on the extent and causes of problems with the elevator.

The jury was given a special verdict form. It found that Lagerquist did not breach the contract, its warranties, or its implied duty of good faith and fair dealing; that Lagerquist did not fraudulently misrepresent material facts; and that Lagerquist's actions did not damage DeVoe's business reputation. It also found that Lagerquist was entitled to enforcement of its construction lien, setting the amount of damages at $21,500. The court ordered that DeVoe pay prejudgment interest of $3,762.50 and costs and attorney fees of $30,113.89.

I

Did the District Court err in refusing to dismiss the lien foreclosure action?

After the two separate actions had been filed, DeVoe moved that the lien foreclosure be dismissed, or, in the alternative, that the two actions be consolidated. The court granted the motion to consolidate. DeVoe maintains that the lien foreclosure should have been dismissed under the doctrine of election of remedies. He argues that Lagerquist is precluded from claiming both that it installed the elevator within the time allowed and that it filed its lien in a timely manner. He points out that, in their answer to his complaint, the defendants stated that the elevator was completely installed by May 14.

A lien must be filed within ninety days after the final services or materials were furnished. Section 71-3-535, MCA. The date triggering the ninety-day period is not the date that

4

installation was completed, but the date that work was last done. In addition to stating that the elevator was completely installed by May 14, the answer to DeVoe's complaint stated that a computer card in the elevator malfunctioned and was repaired subsequent to May 14. The answer to DeVoe's complaint in tort did not dispose of the issue in the lien foreclosure action of when work was last done on the elevator.

We conclude that the court did not err in granting DeVoe's motion to consolidate the two actions instead of his motion to dismiss the lien foreclosure action.

## II

Did the court err by denying the motion to alter or amend the verdict?

DeVoe contends that the special verdict misled the jury into making inconsistent findings that the elevator was installed within the time allowed and that the lien was timely filed. The jury's findings are not inconsistent. If the jury believed Brown's testimony that the shipping date was confirmed on February 26, that 13 weeks were allowed for installation, and that final adjustment work was done on May 22, then the jury properly found that the installation was completed within the time allowed and that the lien filed on August 18 was filed within ninety days of the last services provided.

DeVoe also states that the testimony of one of Lagerquist's workers conflicted with Brown's testimony. Brown testified that

5

installation of the elevator was essentially completed on May 13, but that workers returned on May 22 to do the final adjustment and to retrofit the control panel. The worker testified that he did repair work on the elevator on May 22. Resolution of any conflicts in the evidence is in the province of the trier of fact. Gee v. Egbert (1984), 209 Mont. 1, 18, 679 P.2d 1194, 1203.

Finally, DeVoe asserts that the jury should have been asked to make a finding as to the date on which installation of the elevator was completed. The issue of whether the lien was timely filed was argued at trial. Instruction No. 55 stated that to sustain the counterclaim on the construction lien, Lagerquist must prove (among other elements) that the lien was filed within ninety days after the materials and labor were provided. Question 10 on the special verdict form asked, "Is Lagerquist entitled to enforcement of its construction lien?" We hold that the issue was adequately presented to the jury and that the court did not err in denying the motion to alter or amend the verdict.

### III

Did the court err in awarding prejudgment interest?

This claim is based upon DeVoe's position that the lien was not timely filed. Prejudgment interest is allowed under § 27-1-211, MCA, when the amount of damages is certain and the right to damages is vested as of a particular day. In this case, interest was awarded on the contract price of the elevator from the date the construction lien was filed. Because we have concluded that it was

not error to enforce the construction lien, we hold that there was no error in the award of prejudgment interest.

IV

Did the court err by granting defendants attorney fees?

Like Issue III, this issue is partially decided by our conclusion that it was not error to enforce the construction lien. Under § 71-3-124, MCA, attorney fees are recoverable in an action to foreclose a construction lien.

DeVoe argues that defendants should have been awarded attorney fees only for work relating to enforcement of their lien and that $31,000 in attorney fees is unreasonable in relation to the size of the lien. The District Court determined that

> [t]his action involved interlocking issues, resulting in litigation far more complicated than a simple foreclosure lien action. It is the Court's opinion that the inextricability of the issues precludes [separating out expenses relating to proof of the construction lien].

DeVoe cites precedent which would support the lower court had it separated attorney fees relating to the lien from fees relating to the defense of DeVoe's claims. Carkeek v. Ayer (1980), 188 Mont. 345, 613 P.2d 1013. However, the same precedent states that this Court will not disturb the amount of attorney fees fixed by a district court unless it represents an abuse of discretion. Carkeek, 613 P.2d at 1015. "An attorney fee that exceeds the amount in controversy is not per se excessive . . . Each case depends on its own unique set of facts." Glaspey v. Workman

(1988), 234 Mont. 374, 378, 763 P.2d 666, 668.  We have reviewed the record and conclude that the lower court did not abuse its discretion in awarding attorney fees.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

8