No. 98-385

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 295N

KEVIN CONNOR, d/b/a

KEVIN CONNOR CONSTRUCTION,

Plaintiff and Respondent,

v.

MICHAEL J. ZIMMERMAN and

GAIL L. ZIMMERMAN,

Defendants and Appellants.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

John C. Doubek; Small, Hatch, Doubek & Pyfer,

Helena, Montana

For Respondent:

John P. Poston; Harrison, Loendorf, Poston & Duncan,

Helena, Montana

Submitted on Briefs: November 19, 1998

Decided: December 3, 1998

No

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Michael J. Zimmerman and Gail L. Zimmerman (the Zimmermans) appeal from the judgment entered by the First Judicial District Court, Lewis and Clark County, on a jury verdict in favor of Kevin Connor, doing business as Kevin Connor Construction (Connor). We affirm in part, reverse in part and remand.**

**¶3. We address the following issues on appeal:**

**¶4. 1. Did the District Court err in denying the Zimmermans' motion for summary judgment?**

**¶5. 2. Did the District Court err by allowing Connor to assert his lien?**

**¶6. 3. Did the District Court err in refusing to allow the Zimmermans to proceed with their counterclaim?**

No

**¶7. 4. Did the District Court abuse its discretion in denying the Zimmermans' motion for a mistrial which was based on improper closing argument?**

**¶8. 5. Did the District Court err in granting prejudgment interest and investigator costs?**

BACKGROUND

**¶9. The Zimmermans own a restaurant in Helena, Montana. In April of 1995, they solicited bids from several contractors--including Connor--for remodeling and expanding the restaurant. Connor prepared and submitted a written bid and the Zimmermans signed the proposal, thereby entering into a contract with Connor for the work.**

**¶10. Connor began the project in May of 1995. A rainstorm in July delayed the project, shut down the restaurant for several months and necessitated repairs for water damage. Connor completed the project in late 1995.**

**¶11. Connor subsequently made demand on the Zimmermans for $40,743.19 allegedly due for the project and, when they failed to pay, filed a construction lien against the Zimmermans' real property in that amount. Thereafter, he filed a complaint seeking to foreclose the lien. In their answer, the Zimmermans denied that Connor was entitled to anything by his lien. They also counterclaimed against him, alleging damage as a result of Connor's negligence in failing to protect the premises from the elements during the rainstorm in July of 1995. By the time the pretrial order was filed shortly before trial, the parties agreed that the only factual issues to be tried were whether Connor had furnished the materials and labor claimed in his lien and the amount of money the Zimmermans owed Connor for materials and labor supplied. The sole issue of law remaining for trial was whether the Zimmermans owed Connor money damages under the construction lien.**

**¶12. The case was tried to a jury in December of 1997, and the jury found that Connor was entitled to damages from the Zimmermans in the amount of $26,769. Connor moved for the taxing of costs and attorney fees, and the District Court entered judgment awarding Connor $26,769, plus pre- and post-judgment interest, and providing for the amendment of the judgment by later order specifying the amounts of costs and attorney fees due Connor. The Zimmermans subsequently**

moved to set aside the jury verdict and for a new trial; they also opposed certain portions of Connor's request for costs and fees. After a premature appeal by the Zimmermans, which was dismissed without prejudice by this Court, the District Court entered its order denying the Zimmermans' motion to set aside the jury verdict and for a new trial, and overruling their objection to Connor's statement of costs. Final judgment was entered and Connor's motion for attorney fees in the amount of $19,993.75 was granted. The Zimmermans appeal.

## DISCUSSION

¶13. 1. Did the District Court err in denying the Zimmermans' motion for summary judgment?

¶14. The Zimmermans contend that the District Court should have granted their motion for summary judgment and enforced the clear and unambiguous contract between the parties, rather than submitting contract issues to the jury. Connor responds that the contract was ambiguous and unclear.

¶15. We observe at the outset that, while the Zimmermans cast this issue in terms of their motion for summary judgment, they do not couch their arguments in the usual summary judgment context, such as whether they established the absence of genuine issues of material fact and their entitlement to judgment as a matter of law regarding the allegedly clear and unambiguous contract. Nor do they discuss the basis for their motion for summary judgment, the basis on which the District Court denied the motion, or the specific error asserted with regard to the court's ruling. The reasons for these omissions, which appear puzzling at first glance, become clear when the record before us is scrutinized.

¶16. The Zimmermans filed their motion for summary judgment--contending that the contract was clear and unambiguous and entitled to enforcement by the court as a matter of law--on September 22, 1997. The District Court denied their motion on November 7, 1997, on the basis that its scheduling order required that such motions be filed by February 3, 1997, and, thereunder, the motion was untimely. On November 13, 1997, the Zimmermans moved for enlargement of the time for submittal of dispositive motions; the District Court did not rule on that motion. Moreover, the pretrial order filed on November 17, 1997, contains neither a mention of any pending motion nor a contention by the Zimmermans that they were entitled

to a legal ruling by the court that the contract was clear, unambiguous and enforceable according to its terms.

¶17. The Zimmermans having failed to establish any error by the District Court in denying their motion for summary judgment, we hold that the District Court properly denied the Zimmermans' motion for summary judgment on the grounds that it was untimely.

¶18. 2. Did the District Court err by allowing Connor to assert his lien?

¶19. The Zimmermans contend that Connor signed a lien waiver which covered all of the materials and labor he furnished for the restaurant remodeling project. On that basis, they assert that the District Court erred by allowing Connor to assert his lien.

¶20. We note that the Zimmermans do not refer to any point in the record at which they requested the District Court to negate Connor's ability to assert his lien. Nor do they reference any ruling by the court which is alleged to be erroneous. We again look to the record before us in resolving this issue.

¶21. The Zimmermans did not specifically allege a waiver in their answer to Connor's complaint as required by Rule 8(c), M.R.Civ.P., which expressly provides that a party shall affirmatively plead all matters constituting an avoidance or affirmative defense, including waiver. The Zimmermans contend, however, that they denied that Connor was entitled to anything by his lien and that that denial constitutes an affirmative pleading of waiver. We disagree. The Zimmermans' denial of Connor's entitlement to recover on the lien was pleaded under Rule 8(b), M.R.Civ. P., which requires a defendant's answer to admit or deny the averments in the plaintiff's complaint. That denial does not equate to the affirmative pleading of an avoidance or affirmative defense under Rule 8(c).

¶22. In addition, while the pretrial order contains contentions by the Zimmermans relating to the lien, no mention is made therein regarding a waiver and, by its terms and pursuant to Rule 16(e), M.R.Civ.P., the pretrial order superseded the pleadings and controlled the subsequent course of the action. Thus, even if the Zimmermans had affirmatively pleaded the waiver, their failure to mention it as a contention, factual issue or legal issue in the pretrial order rendered the alleged waiver a nonissue.

¶23. The Zimmermans having failed to establish any error in this regard, we hold that the District Court did not err in permitting Connor to assert his construction lien.

¶24. 3. Did the District Court err in refusing to allow the Zimmermans to proceed with their counterclaim?

¶25. The District Court did not allow the Zimmermans to submit their counterclaim for damages arising out of Connor's alleged negligence to the jury and the Zimmermans assert error. They contend that, having set forth their contentions regarding the counterclaim at length in the pretrial order, they were entitled to submit it to the jury. We disagree.

¶26. It is true that, however inartfully drawn, the Zimmermans' answer asserted a counterclaim against Connor for damages arising from his alleged negligence. It also is true that the pretrial order is replete with contentions by the Zimmermans relating to Connor's negligence and their alleged damages resulting therefrom. It is equally true, however, that the pretrial order set forth no factual or legal issues for trial which related to the purported counterclaim. As set forth above, the pretrial order states that the sole factual issues remaining for trial were whether Connor furnished the materials and labor claimed in his lien and the amount of money the Zimmermans owed Connor for the materials and labor supplied; the sole legal issue was whether the Zimmermans owed Connor money damages under the construction lien. Since the pretrial order superseded the pleadings and controlled the course of trial, it is clear that the Zimmermans' negligence claim for damages against Connor was not to be presented at trial.

¶27. More importantly, however, the Zimmermans were legally foreclosed from presenting their counterclaim in this case. After an unsuccessful pretrial mediation in the District Court, the Zimmermans separated their counterclaim out of this case and, in District Court Cause No. ADV 97-372, entitled Zimmerman v. Connor, sued Connor for damages allegedly suffered because he failed to adequately protect their building from the elements. That case was dismissed in the summer of 1997, on the basis that the claims asserted were compulsory counterclaims required to have been maintained in Connor's lien foreclosure action. We affirmed that dismissal in Zimmerman v. Connor, 1998 MT 131, 958 P.2d 1195, 55 St.Rep. 521. In doing so, we observed that, while the Zimmermans originally had filed their counterclaim in the

lien foreclosure case, they "chose not to pursue" it there "but, instead, opted to file a second cause of action." *Zimmerman*, ¶ 18. We held that, "[s]ince Zimmermans' counterclaim was a compulsory counterclaim in Connor's lien foreclosure action, the effect of Zimmermans' failure to litigate their counterclaim in that action is *res judicata*." *Zimmerman*, ¶ 18 (citation omitted).

¶28. In the present case, our holding in *Zimmerman* is dispositive regarding the Zimmermans' lack of entitlement to proceed with a counterclaim against Connor in this lien foreclosure action. Having opted for a separate action against Connor and having had that action dismissed because their claim was a compulsory counterclaim in this action, the Zimmermans were not entitled to breathe new life into the counterclaim they "chose not to pursue" here. We hold, therefore, that the District Court did not err in refusing to allow the Zimmermans to proceed with their counterclaim.

¶29. 4. Did the District Court abuse its discretion in denying the Zimmermans' motion for a mistrial which was based on improper closing argument?

¶30. The Zimmermans contend that, based on two references to alleged collateral sources during Connor's closing argument, their motion for a mistrial should have been granted. We disagree.

¶31. The first reference of which the Zimmermans complain occurred when Connor's counsel was discussing with the jury various problems that arose during the remodeling project and, specifically, the July rainstorm. Counsel stated that the jury was not to consider damages or anything that happened as a result of the storm because that "is a subject of another lawsuit that has no part or parcel in this case." The Zimmermans' counsel objected to the latter statement and asked to approach the bench. A side bar conference apparently took place at which the Zimmermans allegedly moved for a mistrial. The conference was not reported, however, and we have no way of recreating its substance. Thus, the record is deficient for purposes of appellate review of the substance of the Zimmermans' objection, the making of the motion for a mistrial, the District Court's ruling and the rationale provided for that ruling. We do observe that the statement to which the Zimmermans object did not specifically mention insurance or insurance coverage. As a result--and notwithstanding other potential problems with the Zimmermans' argument--their reliance on Rule 411, M.R.Evid., which bars evidence that a person was or was not

insured against liability on the issue of whether the person acted negligently or otherwise wrongfully is misplaced.

¶32. The second allegedly improper statement during Connor's closing argument was a reference to a warranty on the roof and counsel's suggestion that, if the roof was a problem, the Zimmermans should be dealing with it under the warranty. The Zimmermans objected to the reference for the "same reasons as expressed earlier" and contend on appeal that the statement was an improper reference to a collateral source for recovery. Even assuming that the "same reasons as expressed earlier" were objections based on collateral source-related grounds, we fail to see the impropriety of the statement on the record before us.

¶33. The record reflects that the purportedly improper statement followed immediately after Connor's counsel's reminder to the jury that there had been evidence about the roof, its problems and the existence of a 10-year warranty on the roof. The Zimmermans had not objected to any of the referenced warranty evidence at the time it was presented and, absent such an objection and exclusion of the evidence, Connor's counsel was entitled to recap the evidence.

¶34. Finally, any impropriety in the brief statements of which the Zimmermans complain cannot be said to have prejudiced their right to a fair and impartial trial. The trial lasted three days, fifteen witnesses testified and numerous exhibits were admitted. Pursuant to the pretrial order, the issues upon which the trial focused related primarily to Connor's construction lien and amounts to which he might be entitled from the Zimmermans. The statements to which the Zimmermans object, and which formed the basis for their motion for a mistrial, went more to the counterclaim we held above was a nonissue than to the issues submitted to the jury. As a result, we agree with the District Court's assessment that the statements were not going to affect the jury in their deliberations. Consequently, we hold that the District Court did not abuse its discretion in denying the Zimmermans' motion for a mistrial.

¶35. 5. Did the District Court err in granting prejudgment interest and investigator costs?

¶36. The Zimmermans contend that the District Court erred in granting Connor prejudgment interest. They also assert that the award of costs for an investigator

used by Connor was error. We address these arguments in turn.

¶37. The District Court based its award of prejudgment interest on § 27-1-211, MCA, which provides that a person "entitled to recover damages certain or capable of being made certain by calculation" and the right to recover which is vested on a particular day is entitled to recover interest thereon from that day. In this case, both parties rely on DeVoe v. Gust. Lagerquist & Sons, Inc. (1990), 244 Mont. 141, 796 P.2d 579, in support of their positions regarding prejudgment interest. In that case, a construction lien--and related lawsuit--were filed which related to the unpaid contract price of an elevator and the district court ultimately awarded prejudgment interest on the contract price amount as found by the jury. *DeVoe*, 244 Mont. at 143, 796 P.2d at 580. On appeal, we observed that the interest was awarded on the contract price, from the date the lien was filed, and concluded that the trial court's award of prejudgment interest under § 27-1-211, MCA, was not erroneous. *DeVoe*, 244 Mont. at 145, 796 P.2d at 581.

¶38. Here, unlike the situation in *DeVoe*, Connor's construction lien was based primarily on extra items and work performed rather than on a specified contract price. In addition, while Connor's construction lien was in the amount of $40,743.19, the jury awarded a lesser amount--namely, $26,769. Thus, while Connor is correct that *DeVoe* stands for the proposition that prejudgment interest is available from the date of the filing of a construction lien if the lien is ultimately established, he is incorrect that *DeVoe* controls the outcome of this issue. Since the jury's award was not in the amount requested, we conclude that the amount awarded was not for a sum certain or capable of being made certain by calculation, as required for an award of prejudgment interest under § 27-1-211, MCA. Thus, we hold that the District Court erred in awarding Connor prejudgment interest in this case.

¶39. With regard to the investigator costs, Connor submitted a claim for costs in the amount of $1,833.02 for the use of an investigator. The Zimmermans timely objected on the basis that the investigator's costs were not allowed by statute. The District Court awarded the costs and the Zimmermans assert error.

¶40. The Zimmermans are correct in arguing that no statute authorizes an award for the investigator's costs. Section 71-3-124, MCA, which provides for an award of costs for filing and recording the lien and a reasonable attorney fee to a person establishing a construction lien, clearly does not authorize an award for investigator

costs. Nor does § 25-10-201, MCA, which enumerates allowable costs, authorize an award of costs for the use of an investigator.

¶41. We observe that Connor attempts on appeal to characterize his argument in support of this award as an award for paralegal costs at a billing rate much less expensive than counsel's would have been for providing the same services. He cites to no authority, however, under which he would be entitled to such "costs." On the other hand, it may be that Connor is implicitly arguing that the investigator/ paralegal costs were properly awarded as part of the "reasonable attorney's fee" authorized by § 71-3-124, MCA. The record reflects, however, that Connor submitted the costs to the District Court as investigative costs rather than as part of his attorney fee claim and it is well settled in Montana that we will not consider on appeal a theory not raised in the trial court. *See, e.g.,* Clover Leaf Dairy v. State (1997), 285 Mont. 380, 387, 948 P.2d 1164, 1168 (citation omitted).

¶42. We hold that the District Court erred in awarding Connor investigator costs.

¶43. As a final matter, Connor requests attorney fees for both the earlier, premature appeal by the Zimmermans and the appeal presently before us. Section 71-3-124, MCA, expressly mandates an award of attorney fees--in both the trial court and this Court--to a person who successfully establishes a construction lien. Connor having established his lien and having been subjected to two appeals to this Court, we conclude that he is entitled to attorney fees for both appeals.

¶44. Affirmed in part, reversed in part and remanded to the District Court for further proceedings consistent with this opinion.


/S/ KARLA M. GRAY



We concur:


/S/ WILLIAM E. HUNT, SR.

No

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ JAMES C. NELSON