No. 02-680

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 318

MICHAEL COCHRAN, ANDY DEAN,
AARON EBERLY, ELVIN EBERLY, WACO ENGLE,
ANDREW FANGMEIER, WALTER JOHNSON, BRET
KUTZLER, STAN LABER, JEFF LANZ, DANNY LASSLE,
DONALD SKORUPE, and ANDY VAN HORN,

        Plaintiffs and Respondents,

    v.

STATE OF MONTANA,

        Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                  In and for the County of Lewis and Clark, BDV 2001-143
                  The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Honorable Mike McGrath, Montana Attorney General, James J. Screnar,
                Assistant Attorney General, Helena, Montana

        For Respondents:

                Lawrence A. Anderson, Attorney at Law, Great Falls, Montana, Karl
                Englund, Attorney at Law, Missoula, Montana

                        Submitted on Briefs:  March 27, 2003

                              Decided:  November 24, 2003

Filed:

_____
                            Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 The State of Montana appeals the Order on Motion for Summary Judgment of the District Court awarding attorney fees based on a contingency fee contract between State of Montana construction workers (Workers) and their attorneys. We affirm, and remand to the District Court for a determination of the Respondents' request for additional attorney fees.

## ISSUES

¶2 The dispositive issue on appeal is whether the District Court abused its discretion by awarding attorney fees based on the contingency fee contract between the Workers and their attorneys.

## FACTUAL BACKGROUND

¶3 The Workers in this case were construction workers employed by the State of Montana and assigned to construct the Bluewater Springs Fish Hatchery near Bridger, Montana. Under this assignment, the Workers should have been paid "heavy" construction wage rates as established under Montana's Little Davis-Bacon Act. § 18-2-401 *et seq.*, MCA. The State failed to pay such wages. The Workers brought an action on behalf of themselves, other employees of the Hatchery project, and employees of all other public works contracts with improper bid specifications regarding prevailing wage rates.

¶4 The State conceded its liability to employees of the Hatchery project and agreed to pay the unpaid prevailing wages, penalties, reasonable attorney fees and costs. The State opposed the Workers' attempt to include all workers under all public works contracts in their class. The District Court allowed employees of the Hatchery project to proceed as a class, but denied the Workers' request to include employees of other projects in their class action.

¶5 The Workers filed a Motion for Summary Judgment seeking an order that: 1) the

2

Hatchery project was a "public works contract" as defined by the Little Davis-Bacon Act; 2) the workers employed on the Hatchery project were entitled to "heavy" construction wages and were not paid such wages; and, 3) the State is liable for penalties pursuant to § 18-2-407(2), MCA, and attorney fees pursuant to § 39-3-214, MCA. The State acknowledged that the Workers on the Hatchery project were entitled to prevailing "heavy" construction wages and agreed to pay $161,790.50 for unpaid wages and penalties. It also agreed to pay "reasonable" attorney fees. Therefore the only remaining issue to be determined by the District Court was the amount of attorney fees to which the Workers were entitled.

¶6 The Workers argued that their attorney fees should be paid according to the contingency fee arrangement they entered with their attorneys. The State contended that the attorneys should be paid based upon the actual amount of time spent securing a favorable judgment. After taking evidence and hearing the matter on oral argument, the District Court granted the Workers' request for an award of fees based on their contingency fee arrangement.

**STANDARD OF REVIEW**

¶7 The parties and the District Court correctly recognized that our traditional standard of review of a district court's summary judgment order is *de novo*. Under Rule 56(c), M.R.Civ.P., summary judgment is proper when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Upon a conclusion by the district court that a party was entitled to judgment as a matter of law, we review the court's interpretation of the law for correctness. Elk v. Healthy Mothers, 2003 MT 167, ¶ 11 , 316 Mont. 320, ¶ 11, 73 F.3d 795, ¶ 11. In this case, the parties agreed that

3

there were no disputed material facts.  Moreover, the District Court concluded that the Workers were entitled to reasonable attorney fees as a matter of law.  Had this been the extent of the District Court's conclusions, we would have reviewed the court's order using the standard set forth above.

¶8     The District Court, however, went beyond merely concluding that the Workers were legally entitled to attorney fees--it held an evidentiary hearing and determined the amount of the attorney fees to be paid to the Workers.  Thus, there is imposed on this Court a different standard of review.  In *Glaspey v. Workman* (1988), 234 Mont. 374, 763 P.2d 666, we concluded that in circumstances where a court holds an evidentiary hearing to determine the reasonableness of requested fees, the amount of fees it awards is within its discretion. We further held that absent an abuse of discretion, "an attorney's fee award that is based on competent evidence will not be disturbed on appeal." *Glaspey*, 234 Mont. at 377, 763 P.2d at 668.

¶9     For a court to abuse its discretion, it must act arbitrarily, without employment of conscientious judgment, or exceed the bounds of reason resulting in substantial injustice. *Christofferson v. City of Great Falls*, 2003 MT 189, 316 Mont. 469, 74 P.3d 1021.

### DISCUSSION

¶10    We must determine whether the District Court abused its discretion when it ordered that the Workers' attorney fees be awarded as provided for in the contingent fee agreements between the Workers and their attorneys.

4

¶11     When the State failed to pay the Workers prevailing wages as required under Montana's Little Davis-Bacon Act, the Workers hired attorneys to secure the wages to which they were rightfully entitled. Many, if not all, of these Workers were seasonal construction workers who could not afford to pay the traditional hourly wages charged by attorneys. Therefore, they entered into contingent fee agreements, under which the attorneys would be paid one-third of the amount recovered for the Workers if the case was resolved before or after trial, and forty percent of the recovery if the case was resolved after an appeal or a second trial. The amount recovered at trial on behalf of the Workers was $161,790.50. One-third of this amount equals $53,390.86. The Workers sought recovery of this amount.

¶12     The State argued that the statute allows for "reasonable" attorney fees and that this amount was not reasonable. It maintained that, under these circumstances, a reasonable amount would be based upon the actual time their attorneys spent working on their case. In other words, if, as testified to by the attorneys, they spent seventy hours on the case at $200 per hour, the attorneys are entitled to $14,000, not $53,390.

¶13     Section 39-3-214(1), MCA, provides that "[w]henever it is necessary for the employee to enter or maintain a suit at law for the recovery or collection of wages due . . . , a resulting judgment must include a reasonable attorney's fee in favor of the successful party. . . ." We previously analyzed this statute in the context of contingent fee arrangements in *Stimac v. State* (1991), 248 Mont. 412, 812 P.2d 1246. In *Stimac*, we established the following factors to be considered when assessing whether to award the full amount of the contingent fee agreement as reasonable attorney fees:

1. The novelty and difficulty of the legal and factual issues involved;

2. The time and labor required to perform the legal service properly;

3. The character and importance of the litigation;

4. The result secured by the attorney;

5. The experience, skill, and reputation of the attorney;

6. The fees customarily charged for similar legal services at the time and place where the services were rendered;

7. The ability of the client to pay for the legal services rendered; and

8. The risk of no recovery.

*Stimac*, 248 Mont. at 417, 812 P.2d at 1249.

¶14 The District Court conducted a detailed analysis of each of the above factors, based upon the evidence presented during the hearing. It concluded that, while the case was not particularly novel or difficult, and may not have carried a high risk that the Workers would not recover their unpaid wages, "successfully prosecuting the case for a number of [Workers] tend[ed] to establish that the case was more time and labor intensive and more important than the typical wage claim." The court also determined that the Workers' attorneys were highly experienced, highly skilled, had excellent reputations, and had successfully achieved an excellent result for their clients. Lastly, the District Court decided that the Workers were unable to pay the fees requested and that one-third rate contingent fees were not uncommon in wage claims litigation. As a result, the District Court held that the Workers were legally entitled to attorney fees pursuant to their contingent fee agreements with their lawyers.

¶15 We conclude that the court's decision is well supported in the record, and that the court did not abuse its discretion in reaching this decision. Therefore, we will not disturb the District Court's ruling.

¶16 Finally, Respondents request that we remand this matter to the District Court and direct it to recalculate the attorney fees to comport with the fee agreement, which calls for fees in the amount of 40% of the gross recovery should the parties prevail on appeal.

¶17 Although we have concluded here that the District Court's Order of fees is sustainable, that Order was clearly premised upon the one-third fee arrangement. The District Court did not take into account a possible 40% recovery in its analysis, and we will not presume that it would grant such a request. As we have already stated in ¶ 8 above, the amount of fees is within the district court's discretion. Accordingly, we remand the Respondents' request for attorney fees in the amount of 40% of the gross recovery to the District Court for its consideration and decision.

## CONCLUSION

¶18 For the foregoing reasons, we affirm the District Court, and remand for further proceedings as herein set forth.

/S/ PATRICIA COTTER

We Concur:


/S/ KARLA M. GRAY

7

/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER