No. 00-567

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 121

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JAY SAMUEL GILDER,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

Honorable John W. Larson, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Margaret Borg, Chief Public Defender; Leslie Ocks, Assistant

Public Defender, Missoula, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; John Paulson,

Assistant Attorney General, Helena, Montana

Fred Van Valkenburg, County Attorney; Scott Stearns, Deputy

County Attorney, Missoula, Montana

Submitted on Briefs: March 22, 2001

Decided: July 23, 2001


Filed:


_____


Clerk


Justice Jim Rice delivered the Opinion of the Court.

¶1 Jay Samuel Gilder (Gilder) appeals from an order by the Fourth Judicial District Court, Missoula County, denying his motion to suppress evidence, which was entered pursuant to proceedings that followed our Opinion and Order in *State v. Gilder*, 1999 MT 207, 295 Mont. 483, 985 P.2d 147 (*Gilder I*). We reverse.

¶2 The parties generally state the issues on appeal as:

¶3 1. Whether the District Court abused its discretion by granting the State's request for an evidentiary hearing following our decision in Gilder's first appeal; and

¶4 2. Whether the District Court erred in denying Gilder's motion to suppress evidence.

¶5 However, the appeal is resolved by our determination that the doctrine of law of the case precluded the District Court from further considering the evidence suppression issue addressed by this Court in the previous decision rendered herein.

## BACKGROUND

¶6 In 1998, Gilder was charged by information with a fourth offense of driving under the influence of alcohol or drugs, driving while his license was suspended or revoked, and obstructing a police officer. His arrest on the charges followed an investigative stop of his vehicle by a Missoula County deputy sheriff. Gilder filed a motion to suppress the evidence obtained during the stop of his vehicle, arguing the officer did not have a particularized suspicion to justify the stop. The District Court denied Gilder's motion, and following the entry of a conditional guilty plea, he appealed to this Court. In *Gilder I*, we concluded that the District Court erred when it denied Gilder's motion to suppress and

reversed the District Court's ruling. The case was not remanded for further proceedings.

¶7 Following issuance of remittitur in *Gilder I*, the State requested an evidentiary hearing in the District Court "to present additional evidence with which to meet its burden" of establishing the particularized suspicion necessary to justify the stop of Gilder's vehicle. The State argued to the District Court that this Court's Opinion in *Gilder I* had referenced the District Court's failure to conduct an evidentiary hearing prior to its original denial of the motion to suppress, and further, that the opinion stated "the State was not provided with an opportunity to present additional evidence with which to meet its burden of showing how the facts support an experienced officer's inference of criminal activity." Gilder opposed the hearing, arguing that this Court's decision in *Gilder I* did not contemplate any further proceedings on the suppression issue. The District Court granted the State's request and conducted an evidentiary hearing, over Gilder's objection, in which the arresting officer was allowed to testify and supplement the evidence offered by the State in *Gilder I*. The District Court then issued an order again denying Gilder's motion to suppress the evidence obtained during the stop of his vehicle. Gilder appeals.

## DISCUSSION

¶8 The dispositive issue is whether this Court's holding in *Gilder I* constituted law of the case on the suppression issue, prohibiting further consideration of the issue by the District Court. We review the District Court's actions under an abuse of discretion standard.

¶9 Under the doctrine of law of the case, a prior decision of this Court resolving a particular issue between the same parties in the same case is binding and cannot be relitigated. *State v. Wooster*, 2001 MT 4, ¶ 12, 304 Mont. 56, ¶12, 16 P.3d 409, ¶ 12. This Court has applied the doctrines of law of the case and *res judicata* to preclude an appellant from raising issues that were decided by this Court on a previous appeal. *State v. Black* (1990), 245 Mont. 39, 44, 798 P.2d 530, 533. To afford one party additional review of the same issue between the same parties would negate the intent of these doctrines.

¶10 The doctrines of law of the case and *res judicata* often work hand in glove but are not identical. Two important policies underlie and are common to both principles: judicial economy and finality of judgments. *State v. Perry* (1988), 232 Mont. 455, 463, 758 P.2d 268, 273. While the law of the case is normally decisive, it does not have the same binding force as the doctrine of *res judicata*. *United States v. Miller* (9th Cir. 1987), 822 F.2d 828, 832. The United States Supreme Court has stated, concerning the difference between law

of the case and *res judicata*, that "one directs discretion, the other supersedes it and compels judgment." *Southern Ry. Co. v. Clift* (1922), 260 U.S. 316, 319, 43 S.Ct. 126, 67 L.Ed. 283. While Gilder argues that the District Court's consideration of the suppression issue after *Gilder I* was prohibited under both doctrines, it is our determination that the doctrine of law of the case is applicable here.

¶11 In discussing law of the case, Justice Oliver Wendell Holmes wrote:

> In the absence of statute the phrase, law of the case, as applied to the effect of previous orders on the later action rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.

*Messenger v. Anderson (1912), 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152. The Ninth Circuit Court of Appeals has said, "We are dealing then with what is properly a matter of discretion-discretion so vague that the law of the case has been described by the Supreme Court as 'an amorphous concept. Arizona v. California (1983), 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318.'" Miller, 822 F.2d at 832.*

¶12 This Court's jurisprudence regarding the doctrine of law of the case often stems from the oft-cited case *Carlson v. Northern Pac. Ry. Co.* (1929), 86 Mont. 78, 281 P. 913. There, the Court pronounced, in pertinent part, as follows:

> The rule is well established and long adhered to in this state that where, upon an appeal, the supreme court in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal.

*Carlson, 86 Mont. at 81, 281 P. at 914. (And see, e.g., Federated Mut. Ins. Co. v. Anderson, 1999 MT 288, ¶ 60, 297 Mont. 33, ¶ 60, 991 P.2d 915, ¶ 60).*

¶13 While the Court in *Carlson* recognized that there are exceptions to the application of the doctrine, and other jurisdictions have developed specific tests for adjudicating such exceptions, those issues are not before the Court here. On the basis of this Court's longstanding jurisprudence, we find that the doctrine of law of the case is dispositive and that the District Court abused its discretion in failing to apply the doctrine.

¶14 The State has cited *Zavarelli v. Might* (1989), 239 Mont. 120, 779 P.2d 489, in support of the District Court's decision to conduct additional proceedings on the suppression issue following *Gilder I*. The State argues that because this Court did not include a specific mandate remanding the case with instructions to enter an order of dismissal, the District Court was implicitly authorized to conduct further proceedings consistent with the Court's opinion. The State references language in *Zavarelli* which quoted from an Am.Jur.2d annotation discussing law of the case:

> On *remand,* the trial court may consider or decide any matters *left open by the appellate court* and is free to make any order in further progress of the case, not inconsistent with the decision of the appellate court, *as to any question not presented or settled by that decision . . .. 5 Am. Jur. 2d 420, 421, Appeal and Error, §§992 (1962). [Emphases added.]

*Zavarelli, 239 Mont. at 125, 779 P.2d at 492-93.*

¶15 The State is correct only in regard to those issues not finally resolved by the Court's opinion. The only issue addressed and decided by the Court in *Gilder I* was Gilder's motion to suppress evidence obtained by way of the investigative stop. Thus, under *Zavarelli*, the suppression issue was not "left open" by the Court in *Gilder I*, but was a question "settled by that decision," and consideration of the issue by the District Court was presumptively foreclosed under the principle of law of the case. The decision to prosecute the charges based upon other evidence, or to dismiss the charges, was left to the discretion of the State, and the District Court was not precluded from conducting further proceedings on these other issues.

¶16 The State also argues that *Zavarelli* held that law of the case applies to questions of law, not to questions of fact, and therefore, it was appropriate for the District Court to conduct further evidentiary proceedings. This proposition is generally true. In *Zavarelli*, we held "that the doctrine is rarely, and in a very limited classification, applied to matters of evidence as opposed to rulings of law, and that a decision on appeal of a question of fact does not generally become the law of the case . . .." *Zavarelli*, 239 Mont. at 125, 779 P.2d at 493. However, this general principle is still governed by the effect of the Court's prior holding. While the District Court could have properly revisited factual determinations in regard to other issues, the suppression issue addressed in *Gilder I* was foreclosed from further consideration. As we stated in *Zavarelli*:

If the mandate speaks only in the light of the special facts found, the lower court is at liberty to proceed *in all other respects* in the matter that, according to its judgment, justice may require. The trial court should examine the mandate and the opinion of the reviewing court and proceed *in conformity with the views expressed therein*. The mandate is to be interpreted *according to the subject matter* and, if possible, in a manner to promote justice. [Emphases added.]

*Zavarelli*, 239 Mont. at 126, 779 P.2d at 493. *As stated, the law of the case promotes the policy of judicial economy. It thus precludes subsequent evidentiary hearings on issues finally adjudicated before this Court.*

¶17 The State interprets the Court's statement in *Gilder I* that "the State was not given an opportunity to present additional evidence with which to meet its burden" as an invitation for further proceedings on the issue in the District Court. The State's interpretation of and reliance on that language are incorrect. While the Court in *Gilder I* referenced the lack of an evidentiary hearing in determining that the evidence presented in the officer's incident report was insufficient to justify the investigative stop, the Court did not hold that the District Court erred in failing to conduct such a hearing, and did not remand the case for hearing. Moreover, the State did not argue in *Gilder I* that the District Court had so erred, nor did it request that the case be remanded for hearing.

¶18 Our decision in *Gilder I* constituted the law of the case regarding the lack of particularized suspicion for the investigative stop, and the suppression of evidence obtained therefrom. Failure to properly apply the law of the case constitutes an abuse of discretion. *Thomas v. Bible* (9th Cir. 1993), 983 F.2d 152, 155. Here, the District Court did not properly treat our decision in *Gilder I* as law of the case and, therefore, abused its discretion in conducting further evidentiary hearings on a matter which was conclusively decided by this Court in previous proceedings.

¶19 The District Court's order is reversed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ PATRICIA COTTER