No. 00-729

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 193

KAREN CALCATERRA, individually and as the

Personal Representative of the Estate of Carl J.

Calcaterra, deceased,

Plaintiff and Appellant,

v.

MONTANA RESOURCES,

Defendant and Respondent.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

Honorable John W. Whelan, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Bernard J. Ben Everett, Knight, Dahood, McLean & Everett,

Anaconda, Montana

For Respondent:

Ronald B. MacDonald, Datsopoulos, MacDonald & Lind,

Missoula, Montana

Submitted on Briefs: March 1, 2001
Decided: September 20, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Karen Calcaterra (Karen) filed a Rule 60(b)(6), M.R.Civ.P., motion for reconsideration and relief from a judgment of dismissal, based on a change in the law, in the Second Judicial District Court, Silver Bow County. The motion was deemed denied after the District Court failed to timely rule on it, and Karen appeals. We affirm.

¶2 The issue on appeal is whether the denial of Karen's Rule 60(b)(6), M.R.Civ.P., motion was an abuse of discretion. BACKGROUND

¶3 The underlying case was before us in *Calcaterra v. Montana Resources*, 1998 MT 187, 289 Mont. 424, 962 P.2d 590. Karen, the surviving spouse and personal representative of the estate of Carl J. Calcaterra (Carl), brought a wrongful death and survivorship action against Montana Resources, Carl's employer, alleging it violated federal safety regulations by directing Carl to work on an unsecured ladder, thereby intentionally and maliciously causing Carl's injuries and death. *Calcaterra*, ¶ 7. Montana Resources moved to dismiss for failure to state a claim upon which relief could be granted or, in the alternative, for summary judgment. The District Court denied the motion to dismiss but did not rule on the alternative motion. *Calcaterra*, ¶ 7.

¶5 Montana Resources subsequently renewed its motion for summary judgment, arguing Karen's claims were barred by § 39-71-411, MCA, because the Montana Workers' Compensation Act (the Act) was the exclusive remedy for Carl's injuries and death. The District Court granted summary judgment to Montana Resources, dismissed Karen's complaint, and entered judgment accordingly. *Calcaterra*, ¶ 8. Karen appealed, and we affirmed on July 29, 1998, concluding that she "failed to raise a genuine issue of material fact regarding whether Montana Resources caused Carl's injuries and death via an

intentional and malicious act or omission." *Calcaterra*, ¶ 22. In reaching that conclusion, we relied on *Schmidt v. State* (1997), 286 Mont. 98, 105, 951 P.2d 23, 28, for the proposition that proof of negligence, even wanton negligence, is not sufficient to avoid the exclusive remedy of the Act. *Calcaterra*, ¶¶ 20-21.

¶6 Subsequently, we clarified the definition of "intentional and malicious" within the context of § 39-71-413, MCA. In *Sherner v. Conoco, Inc.*, 2000 MT 50, ¶ 37, 298 Mont. 401, ¶ 37, 995 P.2d 990, ¶ 37, we held that "intentional and malicious act" as used in § 39-71-413, MCA, is defined according to the plain language of that statute and the definition of "actual malice"contained in § 27-1-221(2), MCA. Departing from previous cases, we stated we would no longer "weave together a patchwork of inconsistent definitions from earlier case law . . . ." *Sherner,* ¶ 37.

¶7 After *Sherner* and nearly two years after the dismissal of her case, Karen filed a motion for reconsideration and relief from that dismissal pursuant to Rule 60(b)(6), M.R.Civ.P. The District Court did not rule on the motion, which was deemed denied after 60 days under Rule 59(d) and (g), M.R.Civ.P. Karen appeals.

## STANDARD OF REVIEW

¶8 Our standard in reviewing a ruling on a Rule 60(b)(6), M.R.Civ.P., motion for relief from judgment depends on whether or not the judgment is set aside. *Karlen v. Evans* (1996), 276 Mont. 181, 185, 915 P.2d 232, 235. Where, as here, the judgment is not set aside, only a slight abuse of discretion need be shown to warrant reversal. *Karlen*, 276 Mont. at 185, 915 P.2d at 235.

## DISCUSSION

¶9 Was the denial of Karen's Rule 60(b)(6), M.R.Civ.P., motion an abuse of discretion?

¶10 Karen's motion for relief from judgment was premised on *Sherner*. She contended in the District Court-and contends on appeal-that *Sherner* substantially changed the definition of "intentional and malicious" with respect to the exclusivity provision of the Act, and that she is entitled to relief from the dismissal of her case and application of that new definition under Rule 60(b)(6), M.R.Civ.P. Montana Resources does not dispute that we changed the definition of "intentional and malicious" in *Sherner*. It argues, however, that *Calcaterra* is the law of Karen's case and *Sherner* does not meet the extraordinary

circumstances requirement for relieving Karen from the earlier dismissal of her case under Rule 60(b)(6), M.R.Civ.P. We agree.

¶11 "Under the doctrine of law of the case, a prior decision of this Court resolving a particular issue between the same parties in the same case is binding and cannot be relitigated." *State v. Gilder,* 2001 MT 121, ¶ 9, 305 Mont. 362, ¶ 9, ___P.3d___, ¶ 9. The purpose of the law of the case doctrine is to promote judicial economy and prevent the never-ending litigation of a single case (*Gilder*, ¶ 10) and the doctrine has a long jurisprudential basis in Montana. *See, e.g., Carlson v. Northern Pac. Ry. Co.* (1929), 86 Mont. 78, 81, 281 P. 913, 914.

¶12 The parties in the present case do not dispute the fact that we expressly determined in *Calcaterra* the issue of whether Karen's proof met the "intentional and malicious act" exception to the exclusive remedy of the Act. Indeed, we specifically concluded therein that she raised no genuine factual issue as to whether Carl's injuries and death were caused by an intentional and malicious act or omission. *See Calcaterra*, ¶ 22.

¶13 Karen correctly argues, however, that the doctrine of law of the case is not inviolable and that there may be exceptions to the application of the doctrine. *See Gilder*, ¶ 13 (citing *Carlson*, 86 Mont. at 81, 281 P.2d at 914). She contends in this regard that our decision in *Sherner* created extraordinary circumstances justifying an exception to the doctrine under Rule 60(b)(6), M.R.Civ.P. We disagree.

¶14 Rule 60(b)(6), M.R.Civ.P., applies at all only if extraordinary circumstances exist. *Bahm v. Southworth*, 2000 MT 244, ¶ 14, 301 Mont. 434, ¶ 14, 10 P.3d 99, ¶ 14. However, "a change in the decisional law subsequent to a final judgment does not represent extraordinary circumstances under Rule 60(b) so as to allow reopening of that judgment." *In re Marriage of Waters* (1986), 223 Mont.183, 187, 724 P.2d 726, 729. Moreover, we held in another Rule 60(b)(6), M.R.Civ.P., case that "when a decisional law change occurs, subsequent to final judgment in a particular case, the 'law of the case' is that final judgment should not be altered." *Fiscus v. Beartooth Electric Cooperative, Inc.* (1979), 180 Mont. 434, 442, 591 P.2d 196, 200. Thus, while Karen argues that the revised *Sherner* definition of "intentional and malicious" constitutes extraordinary circumstances meriting relief from the final judgment in *Calcaterra* under Rule 60(b)(6), M.R.Civ.P., our cases simply do not support her argument. Nor does she distinguish those cases in any concrete way.

¶15 We hold that the denial of Karen's Rule 60(b)(6) motion was not an abuse of discretion.

¶16 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ W. WILLIAM LEAPHART