No. 02-588

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 103

MARIA RENVILLE,

       Plaintiff and Appellant,

  v.

FARMERS INSURANCE EXCHANGE,

       Defendant and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. CDV-02-067,
The Honorable Kenneth Neill, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Dennis P. Connor, Conner & Shannon, PLLP, Great Falls, Montana

       For Respondent:

              William J. Gregoire, Smith, Walsh, Clarke & Gregoire, Great Falls, Montana

                      Submitted on Briefs: January 9, 2003

                             Decided: April 24, 2003

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1     The Appellant, Maria Renville, filed an action for declaratory judgment in the District Court for the Eighth Judicial District in Cascade County, in which she requested that the Respondent, Farmers Insurance Exchange, pay the damages she was awarded at trial, and her ongoing medical expenses, and that the District Court award her compensatory and punitive damages. The parties filed cross-motions for summary judgment. The District Court denied Renville's motion, granted Farmers' motion, and dismissed Renville's declaratory action. Renville appeals from the District Court's order. We reverse the order and judgment of the District Court.

¶2     We restate the issues on appeal as follows:

¶3     1. Did the District Court abuse its discretion when it dismissed Renville's request for a declaratory judgment on the issue of past medical expenses?

¶4     2. Did the District Court abuse its discretion when it dismissed Renville's request for a declaratory judgment on the issue of ongoing medical expenses?

**FACTUAL BACKGROUND**

¶5     On April 1, 1995, Maria Renville was involved in an automobile collision in Great Falls, Montana. At the time of the collision, Renville was a passenger in a vehicle driven by Matthew MacDonald. MacDonald's vehicle collided with a vehicle driven by Ursula Taylor. Renville alleged that she sustained injuries as a result of the collision, and sued Taylor to recover damages. Prior to the trial, Taylor admitted that she had negligently caused the collision. The jury was then asked to determine whether the collision caused injuries to

2

Renville and, if so, to determine the amount of her damages. On December 10, 1998, the jury found that Renville had sustained injuries as a result of the collision, and awarded damages in the amount of $17,553.

¶6 Renville filed an appeal with this Court in which she argued that the jury's damage award was not supported by substantial evidence because it failed to compensate her for damages other than past medical expenses. See *Renville v. Talyor*, 2000 MT 217, ¶ 16, 301 Mont. 99, ¶ 16, 7 P.3d 400, ¶ 16 (*Renville I*). We held that because the jury's award was limited to past medical expenses, and provided no recovery for Renville's pain and suffering, it was not supported by substantial evidence. *Renville I*, ¶ 26. We remanded this case to the District Court for a new trial on the issue of damages on August 11, 2000. *Renville I*, ¶ 28.

¶7 At the time of the collision, Taylor was insured by Farmers Insurance Exchange. Farmers paid approximately $13,000 of Renville's medical expenses prior to the December 1998 trial. Farmers has since refused to make any additional payments to Renville. With re-trial of her case still pending in the District Court, Renville filed a complaint for declaratory judgment against Farmers on January 16, 2002. Renville's complaint requested that: (1) Farmers pay the remainder of the jury's $17,553 damage award; (2) Farmers pay her ongoing medical expenses; and (3) the District Court award her compensatory and punitive damages.

¶8 On April 12, 2002, Renville filed a motion for partial summary judgment. Farmers filed a motion for summary judgment on April 26, 2002. On August 9, 2002, the District Court issued an order in which it denied Renville's motion, granted Farmers' motion, and

dismissed Renville's complaint for declaratory judgment. Renville appealed the District Court's order on September 10, 2002.

## STANDARD OF REVIEW

¶9 The decision to dismiss a complaint for declaratory relief is within the sound discretion of the district court. *Northfield Ins. v. Ass'n of Counties*, 2001 MT 256, ¶ 8, 301 Mont. 472, ¶ 8, 10 P.3d 813, ¶ 8. We will not disturb the court's decision absent an abuse of discretion. *Northfield*, ¶ 8 (citations omitted).

## DISCUSSION

## ISSUE 1

¶10 Did the District Court abuse its discretion when it dismissed Renville's request for a declaratory judgment on the issue of past medical expenses?

¶11 Renville sought a declaratory judgment that Farmers is required to pay her the $17,553 which the jury awarded her for past medical expenses. However, the District Court concluded that the effect of our holding in *Renville I* was to remand the entire issue of damages to the District Court for a new trial. The District Court further concluded that factual issues existed with regard to the amount of Renville's past medical expenses, and that such factual issues were for a jury to determine upon re-trial. Therefore, the District Court dismissed Renville's request for a declaratory judgment on the issue of past medical expenses.

¶12 On appeal, Renville contends that the District Court abused its discretion when it failed to follow our holding in *Renville I* with regard to past medical expenses. Renville

4

asserts that our holding in *Renville I*: (1) established that she had incurred past medical expenses in the amount of $17,553; and (2) remanded the issue of further damages to the District Court for re-trial. We conclude that Renville's interpretation of our prior decision is correct.

¶13 The relevant language from *Renville I* is as follows:

> Even though the jury was instructed to award damages for past and future medical expense, loss of earnings and earning capacity, pain and suffering, loss of ability to pursue an occupation, and loss of ability to pursue an established course of life, **the jury's general verdict was limited to the amount of the past medical expenses**. [Emphasis added.]

*Renville I*, ¶ 13.

> We conclude that [Renville] was entitled to some award of damages for the pain and suffering proven in this case. We further conclude that the jury's award limited to past medical expenses is not supported by substantial evidence and should be set aside. . . . For that reason, we set aside the jury's verdict on damages and remand to the District Court for a new trial limited to the issue of damages.

*Renville I*, ¶¶ 26, 28.

¶14 The above language from *Renville I* clearly states that the jury's award was limited to Renville's past medical expenses. The jury awarded Renville $17,553 in spite of the defendant's argument on appeal that the award included other elements of damage. Implicit in our holding was that past medical expenses in the amount $17,553 had been proven and awarded.

¶15 We have previously held that: "Under the doctrine of law of the case, a prior decision of this Court resolving a particular issue between the same parties in the same case is binding

5

and cannot be relitigated." *Calcaterra v. Montana Resources*, 2001 MT 193, ¶ 10, 306 Mont. 249, ¶ 10, 32 P.3d 764, ¶ 10. We have further noted that "the law of the case doctrine applies only to those principles or rules of law enunciated by this Court which are 'necessary to the decision' before it," as "the doctrine does not extend so far as to include matter which was consequential, incidental, or not decided by the court." *Sanders v. State*, 1998 MT 62, ¶ 16, 288 Mont. 143, ¶ 16, 955 P.2d 1356, ¶ 16 (citations omitted).

¶16 The sole issue, with regard to damages, examined by this Court in *Renville I* was whether the jury's award was supported by substantial evidence. Essential to our conclusion that the verdict was not supported by substantial evidence was our conclusion that the jury's award in the amount of $17,553 was limited to Renville's past medical expenses. Therefore, we hold that the law of the case doctrine applies and that our holding in *Renville I* established that Renville had incurred past medical expenses in the amount of $17,553.

¶17 The law of the case doctrine precludes subsequent evidentiary hearings on issues finally adjudicated by this Court. It thus promotes judicial economy. *State v. Gilder*, 2001 MT 121, ¶ 16, 305 Mont. 362, ¶ 16, 28 P.3d 488, ¶ 16. Therefore, the District Court was precluded from revisiting the issue of Renville's past medical damages on remand. A district court's failure to properly apply the law of the case constitutes an abuse of discretion. *Gilder*, ¶ 18. Here, the District Court failed to treat our decision in *Renville I* as the law of the case when it concluded that factual issues existed as to the amount of Renville's past medical expenses. Accordingly, the District Court abused its discretion when it denied

6

Renville's motion for summary judgment and dismissed her request for a declaratory judgment on the issue of past medical expenses.

## ISSUE 2

¶18    Did the District Court abuse its discretion when it dismissed Renville's request for a declaratory judgment on the issue of ongoing medical expenses?

¶19    Renville's declaratory judgment action also requested that the District Court order Farmers to pay the medical expenses which she incurred subsequent to trial (hereinafter referred to as ongoing medical expenses).  However, the District Court concluded that factual issues existed with regard to the cause of Renville's ongoing medical expenses which must be determined by a jury upon re-trial.  Accordingly, the District Court also dismissed Renville's request for a declaratory judgment on the issue of ongoing medical expenses.

¶20    Renville maintains that the District Court abused its discretion when it failed to comply with this Court's holding in *Ridley v. Guaranty Nat. Ins. Co.* (1997), 286 Mont. 325, 951 P.2d 987.  In *Ridley*, Keith Ridley was a passenger in a vehicle that was involved in a collision.  The driver of the other vehicle was insured by Guaranty National Insurance Company. *Ridley*, 286 Mont. at 327-28, 951 P.2d at 988.  Guaranty admitted that its insured had the majority of fault for the accident, however, it refused to pay for Ridley's ongoing medical expenses.  Guaranty explained that its refusal to pay was based on its uncertainty about the causal relationship between the accident and the extent of Ridley's injuries. *Ridley*, 286 Mont. at 328, 951 P.2d at 989.  Ridley brought a declaratory action in which he requested that the District Court determine that pursuant to § 33-18-201, MCA, Guaranty had

7

an obligation to pay his medical expenses. The District Court declined to grant Ridley the requested relief. *Ridley*, 286 Mont. at 328, 951 P.2d at 989.

¶21    On appeal, this Court analyzed Ridley's claim in the context of § 33-18-201, MCA. *Ridley*, 286 Mont. at 332-33, 951 P.2d at 991. Section 33-18-201, MCA, provides, in pertinent part, that:

> No person may, with such frequency as to indicate a general business practice, do any of the following:
>
> . . . .
>
> (6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;
>
> . . . .
>
> (13) fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage . . . .

¶22    We concluded that both subsections (6) and (13) of § 33-18-201, MCA, require an insurer to pay an injured third party's medical expenses before final settlement when liability is reasonably clear. *Ridley*, 286 Mont. at 334, 951 P.2d at 992. Consequently, we reversed the order of the District Court and entered declaratory judgment in favor of Ridley. *Ridley*, 286 Mont. at 338, 951 P.2d at 994-95.

¶23    The facts of the instant case are nearly identical to those in *Ridley*. In *Renville I*, we noted that Taylor admitted negligently causing the automobile collision and that Taylor did not contest the jury's finding that Renville was injured as a result of the collision. *Renville I*, ¶¶ 12, 28. Accordingly, Taylor is liable for all of Renville's medical expenses which are

8

causally related to the collision. Farmers, however, refuses to pay Renville's ongoing medical expenses because it contends that Renville's expenses were not causally related to the collision. Farmers relies on the following language from *Ridley*:

> [Our holding in *Ridley*] does not mean that an insurer is responsible for all medical expenses submitted by an injured plaintiff. Liability must be reasonably clear for the expense that is submitted. That is, even though liability for the accident may be reasonably clear, an insurer may still dispute a medical expense if it is not reasonably clear that the expense is causally related to the accident in question.

*Ridley*, 286 Mont. at 334, 951 P.2d at 992.

¶24 Farmers correctly contends that an insurer may dispute its obligation to pay a medical expense. However, it may not do so without any factual basis. In this case, Farmers has failed to submit evidence to support its claim that Renville's ongoing medical expenses were not causally related to the collision. Renville, on the other hand, offered expert testimony on causation, from three separate expert witnesses, which is uncontroverted. Farmers chose to rely on testimony from the prior trial. That evidence was obviously disregarded by the jury and is not relevant to the issue of ongoing medical expenses. To hold otherwise would fly in the face of what we previously stated about the law of the case. Furthermore, it is well stated that "parties on appeal are bound by the record and may not add additional matters in briefs or appendices." *Janow v. Conoco Pipe Line Co.*, 2000 MT 242, ¶ 14, 301 Mont. 402, ¶ 14, 10 P.3d 79, ¶ 14. Thus, Farmers may not rely on evidence that is not a part of the record in this case.

9

¶25    Pursuant to *Renville I*, it is clear that Taylor is liable for all of Renville's medical expenses which are causally related to the collision.  *Renville*, ¶ 28.  Therefore, because Farmers failed to present facts to controvert deposition testimony which established that Renville's ongoing medical expenses are causally related to the collision, Farmers is required to pay Renville's ongoing medical expenses pursuant to our holding in *Ridley*.  See *Ridley*, 286 Mont. at 334, 951 P.2d at 992.  Accordingly, the District Court abused its discretion when it failed to follow our holding in *Ridley* and dismissed Renville's request for a declaratory judgment on the issue of ongoing medical expenses.

¶26    For the foregoing reasons, we reverse the judgment of the District Court, and remand this case for proceedings consistent with this Opinion.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER

Justice Jim Rice dissenting.

¶27     I respectfully dissent from Issue 1.  The Court's holding and instructions on remand in *Renville I* were as follows:

> Accordingly, we conclude that the jury's damage award was not supported by substantial credible evidence.  For that reason, we set aside the jury's verdict on damages and remand to the District Court *for a new trial limited to the issue of damages*.  We note that Taylor has not appealed the jury's finding that Maria was injured as a result of the parties' collision.  Therefore, upon retrial that fact need not be re-established.
>
> . . . .
>
> We reverse the judgment of the District Court and remand to the District Court *for a new trial limited to the issue of damages*.

*Renville I*, ¶¶ 28, 37 (emphasis added).  The Court's intent in *Renville I* may very well have been to order judgment for Renville's past medical expenses on the basis of the jury's verdict, but I cannot fault the District Court's denial thereof, given the language of the holding and the instructions in *Renville I*, which failed to express this intention or instruct that a partial judgment be entered.  The Court distinctly ordered a new trial on damages and exempted only the necessity of proving that Maria's injury was caused by the collision from re-trial.  The law of the case is what the Court held, not what it otherwise intended:

> On *remand,* the trial court may consider or decide any matters *left open by the appellate court* and is free to make any order in further progress of the case, not inconsistent with the decision of the appellate court, *as to any question not presented or settled by that decision* . . . . 5 Am. Jur. 2d 420, 421, Appeal and Error, §§ 992 (1962).

*State v. Gilder*, 2001 MT 121, ¶ 14, 305 Mont. 362, ¶ 14, 28 P.3d 488, ¶14, quoting *Zavarelli v. Might* (1989), 239 Mont. 120, 125, 779 P.2d 489, 492-93.  Here, the issue of

11

damages was "not settled" by the decision, but rather, remanded for re-trial. Because the issue, intentionally or not, was "left open" by *Renville I*, I would affirm.

¶28 Further, for that very reason–that *Renville I* left open the issue of damages for retrial –I cannot agree with the Court that evidence introduced at the first trial is "not relevant to the issue of ongoing medical bills" for purposes of applying *Ridley*, and thus, because causation of some of the medical bills remains in dispute, I would affirm the District Court on Issue 2.

/S/ JIM RICE

12