JUSTICE RICE
dissenting.
*302 ¶27 I respectfully dissent from Issue 1. The Court’s holding and instructions on remand in Renville I were as follows:
Accordingly, we conclude that the jury’s damage award was not supported by substantial credible evidence. For that reason, we set aside the jury’s verdict on damages and remand to the District Court for a new trial limited to the issue of damages. We note that Taylor has not appealed the jury’s finding that Maria was injured as a result of the parties’ collision. Therefore, upon retrial that fact need not be re-established.
We reverse the judgment of the District Court and remand to the District Court for a new trial limited to the issue of damages.
Renville I, ¶¶ 28, 37 (emphasis added). The Court’s intent in Renville I may very well have been to order judgment for Renville’s past medical expenses on the basis of the jury’s verdict, but I cannot fault the District Court’s denial thereof, given the language of the holding and the instructions in Renville I, which failed to express this intention or instruct that a partial judgment be entered. The Court distinctly ordered a new trial on damages and exempted only the necessity of proving that Maria’s injury was caused by the collision from re-trial. The law of the case is what the Court held, not what it otherwise intended:
On remand, the trial court may consider or decide any matters left open by the appellate court and is free to make any order in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not presented or settled by that decision .... 5 Am. Jur. 2d 420, 421, Appeal and Error, §§ 992 (1962).
State v. Gilder, 2001 MT 121, ¶ 14, 305 Mont. 362, ¶ 14, 28 P.3d 488, ¶14, quoting Zavarelli v. Might (1989), 239 Mont. 120, 125, 779 P.2d 489, 492-93. Here, the issue of damages was “not settled” by the decision, but rather, remanded for re-trial. Because the issue, intentionally or not, was “left open” by Renville I, I would affirm.
¶28 Further, for that very reason-that Renville I left open the issue of damages for retrial -I cannot agree with the Court that evidence introduced at the first trial is “not relevant to the issue of ongoing medical bills” for purposes of applying Ridley, and thus, because causation of some of the medical bills remains in dispute, I would affirm the District Court on Issue 2.