No. 04-086

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 366

MARIA RENVILLE,

        Plaintiff and Respondent,

  v.

FARMERS INSURANCE EXCHANGE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. CDV 2002-067
The Honorable Dirk M. Sandefur, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            William J. Gregoire and Stephanie A. Hollar, Smith Walsh Clark &
Gregoire, Great Falls, Montana

        For Respondent:

            Dennis P. Conner and Daniel E. Shannon, Conner & Shannon, Great Falls,
Montana

Submitted on Briefs:  July 14, 2004

Decided:  December 21, 2004

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Farmers Insurance Exchange (Farmers) appeals the Eighth Judicial District Court's October 2003 Order granting summary judgment in favor of Maria Renville (Renville) and requiring Farmers to pay Renville's medical expenses and attorney fees. Farmers also appeals the District Court's December 2003 determination of the attorney fees award. We affirm.

## ISSUES

¶2    A restatement of the issues before this Court is:

¶3    Did the District Court err in granting Renville's Motion for Summary Judgment?

¶4    Did the District Court abuse its discretion by awarding attorney fees to Renville?

¶5    Did the District Court abuse its discretion in its determination of the amount of attorney fees awarded to Renville?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6    This is the third time this matter has come before this Court. *See Renville v. Taylor*, 2000 MT 217, 301 Mont. 99, 7 P.3d 400 (*Renville I*), and *Renville v. Farmers Ins. Exchange*, 2003 MT 103, 315 Mont. 295, 69 P.3d 217 (*Renville II*). For purposes of this Opinion, it is adequate to note that Renville was injured in a car accident in 1995 when the car in which she was a passenger was rear-ended by a car driven by Ursula Taylor. Taylor, who was insured by Farmers at that time, admitted negligence. Renville's claim against Taylor proceeded to trial in December 1998 on the limited issues of causation and damages. Prior to trial, Farmers had paid Renville or her healthcare providers $13,040.78 in pre-trial

2

medical expenses.

¶7     At trial Renville presented evidence of her injuries and Taylor countered that Renville's alleged injuries were less severe than Renville claimed or were not related to the accident. The jury determined that Taylor's negligence caused Renville's injuries and awarded Renville $17,553.00 in damages. At some time after the trial, Farmers paid an additional $3,070.51 to some of Renville's care providers. As a result, Farmers had paid a total of $16,111.29 toward Renville's medical bills by the time the *Renville I* appeal went forward.

¶8     Renville appealed, asserting that the verdict compensated her for *past* medical bills only, without regard to her future medical expenses. Taylor defended the jury verdict. This Court, in *Renville I*, set aside the jury verdict and remanded the case back to the District Court for a new trial limited to the issue of damages. *Renville I*, ¶ 28. We concluded that the jury award was for past medical expenses exclusively, and that in addition to past expenses Maria was entitled to an award for pain and suffering and for future medical expenses to be determined by the jury upon remand.

¶9     Shortly after we rendered our August 2000 decision in *Renville I*, Renville, it appears, requested payment of the difference between the $16,111.00 Farmers had paid and the amount the jury awarded her, $17,553.00. She also requested payment of approximately $7,736.00 in additional medical expenses incurred between December 1998 and September 2000. Farmers denied the request. It explained that because two physicians had testified at

3

the December 1998 trial that not all of Renville's complaints and claims were causally related to the accident, it would not advance-pay any further claims prior to the retrial.

¶10    In October 2001, Renville requested payment from Farmers for $7,897.02. These charges (referred to hereinafter as "ongoing expenses") represented medical expenses incurred by Renville from December 1998 until October 2001. Farmers again denied the claim, disputing the causal relation between the accident and Renville's ongoing expenses, based on testimony presented during the December 1998 trial. While the retrial was pending, Renville brought a declaratory action against Farmers in January 2002.

¶11    Renville sought a declaration that Farmers was required under *Renville I* to pay the balance between the $16,111 already paid and the jury award of $17,533, plus interest accrued from December 10, 1998. She also sought a declaratory judgment that Farmers pay $7,897.02 for ongoing medical care costs incurred from December 1998 through October 2001. In addition, she sought compensatory and punitive damages for Farmers' bad faith failure to make these payments. To support her claims for ongoing expenses, Renville presented the March 2002 deposition testimony of three expert physicians who testified that her ongoing expenses were causally related to the accident.

¶12    On April 12, 2002, Renville filed a Motion for Partial Summary Judgment on her request for declaratory judgment for past and ongoing medical expenses. Farmers filed counter-motions for summary judgment and judgment on the pleadings. The District Court concluded that the retrial would address the issue of damages as well as the factual issues

4

that remained regarding Renville's past medical expenses. Accordingly, it granted Farmers' Motion and dismissed Renville's Complaint.

¶13    In September 2002, Renville appealed the court's dismissal of her declaratory action. She argued that the *Renville I* Decision established that her past medical expenses were $17,553.00 and that the District Court abused its discretion when it failed to follow the *Renville I* holding.   Farmers argued that under *Ridley v. Guaranty Nat. Ins. Co.* (1997), 286 Mont. 325, 951 P.2d 987, an insurer may dispute a medical expense if it is not reasonably clear that the expense is causally related to the accident in question.  Farmers maintained that the physicians' testimony at the December 1998 trial established that not all of Renville's claims presented at trial were causally related.

¶14    We agreed with Renville and held that the District Court had abused its discretion in denying Renville summary judgment on certain of her declaratory claims. *Renville II*, ¶¶ 17 and 25-26.   We reiterated our holding in *Renville I*, explaining that in *Renville I* we concluded that the jury had established that Renville's past medical expenses totaled $17,553.00 and that these expenses were causally related to the accident.  Therefore, this was the law of the case and Renville's past medical expenses were no longer in dispute and were owed to Renville by Farmers.  *Renville II*, ¶¶ 12, 15.  We further expounded that the "law of the case doctrine precludes subsequent evidentiary hearings on issues finally adjudicated by this Court."  *Renville II*, ¶ 17.   In other words, the issue of Renville's past medical expenses and the cause of those expenses could not be revisited or relitigated on remand.

5

We concluded that Farmers could not continue to rely on physician testimony that was obviously rejected by the jury. It must pay the past expenses of $17,553.00.

¶15     We also addressed the issue of Renville's ongoing expenses in *Renville II*. Citing §§ 33-18-201(6) and (13), MCA, and *Ridley*, 286 Mont. 325, 951 P.2d 987, we concluded that Farmers was required to pay Renville's ongoing third party medical expenses incurred before final settlement because the December 1998 trial had established liability. *Renville II*, ¶ 22.

¶16     Importantly, we conceded that under *Ridley*, an insurer may dispute a medical claim but it must have some factual basis for doing so. *Renville II*, ¶ 23. Farmers failed during the declaratory judgment proceedings to submit evidence to support its claim that Renville's ongoing medical expenses of $7,897.02 were not causally related to the accident. It offered nothing to dispute the post-trial deposition testimony of Renville's three expert witnesses; rather, it continued to rely on testimony from the original trial--causation testimony already rejected by the jury. *Renville II*, ¶ 24.

¶17     We therefore concluded that the District Court's denial of Renville's summary judgment motion and its dismissal of her request for declaratory judgment on the issue of past and ongoing medical expenses was an abuse of discretion. *Renville II*, ¶ 25. As a result, our Decision in *Renville II* reversed and remanded the matter of Renville's declaratory judgment action to the District Court.

¶18     On remand, Renville filed a motion seeking to recover attorney fees incurred to obtain declaratory relief. The District Court granted the motion and subsequently held a hearing

to determine the appropriate amount of attorney fees. The court subsequently issued its Order awarding Renville $27,750.00 in attorney fees. Farmers appeals.

## STANDARD OF REVIEW

¶19 We review a district court's grant or denial of a motion for summary judgment *de novo*. The moving party must prove that no genuine issues of material fact exist. Once the movant demonstrates this, the burden shifts to the nonmoving party to prove that a genuine issue of material fact does exist. After a district court determines that no genuine issues of material fact exist, the district court must then determine whether the movant is entitled to judgment as a matter of law. This is a legal conclusion which we review for correctness. *Gentry Mont. Enters. v. McDonald*, 2004 MT 322, ¶ 12, ___ Mont. ___, ¶ 12, ___ P.3d ___, ¶ 12 (internal citations omitted).

¶20 We have held that the grant of attorney fees pursuant to § 27-8-313, MCA, is within the discretionary province of the district court. *Trustees of Indiana University v. Buxbaum*, 2003 MT 97, 315 Mont. 210, 69 P.3d 663 ("*Buxbaum*"). We therefore review a court's decision to award such fees for an abuse of discretion. Additionally, in circumstances where a court holds an evidentiary hearing to determine the reasonableness of requested attorney fees, the amount of fees it awards is within its discretion. As such, absent an abuse of discretion, "an attorney's fee award that is based on competent evidence will not be disturbed on appeal." *Cochran v. State*, 2003 MT 318, ¶ 8, 318 Mont. 282, ¶ 8, 80 P.3d 423, ¶ 8.

## DISCUSSION

¶21 Did the District Court err in granting Renville's Motion for Summary Judgment?

7

¶22 As explained above, *Renville I* and *Renville II* are now the law of this case. *See Calcaterra v. Montana Resources*, 2001 MT 193, ¶ 10, 306 Mont. 249, ¶ 10, 32 P.3d 764, ¶ 10. In accordance with those Decisions, the District Court properly granted Renville's Motion for Summary Judgment requiring Farmers to pay the difference between $16,111.29 and $17,553.00 in past medical expenses. Moreover, the District Court ordered Farmers to pay Renville's ongoing expenses in the sum of $7,897.02. This Order was premised upon the uncontradicted testimony of three physicians given in depositions taken during the declaratory proceeding, to the effect that these expenses were causally related to the accident. In entering this Order, the District Court not only followed our holdings in *Renville I* and *Renville II;* it also premised its ruling on competent evidence presented after trial as to causation for the post-trial medical expenses. In light of the fact that the evidence on the post-trial expenses was uncontroverted, there were no questions of material fact relative to these expenses. Therefore, we conclude the District Court did not err in granting Renville summary judgment on this issue.

¶23 Did the District Court abuse its discretion by awarding attorney fees to Renville?

¶24 As indicated above, the award of attorney fees is a discretionary function of the District Court and we will not overturn such an award absent an abuse of discretion. An abuse of discretion occurs when the district court judge acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reasoning resulting in substantial injustice. *Grover v. Cornerstone Constr. N.W., Inc.*, 2004 MT 148, ¶ 10, 321 Mont. 477, ¶ 10, 91 P.3d 1278, ¶ 10.

8

¶25 Farmers argues that under § 27-8-313, MCA, an award of attorney fees is based in equity and because it was acting in good faith when it withheld payment to Renville while pursuing what it believed to be its constitutional rights under the United States and Montana Constitutions, there is no equitable reason to award fees to Renville. Renville counters that a finding of "bad faith" is unnecessary for an award of attorney fees under § 27-8-313, MCA--a court need only find that such fees are "necessary and proper."

¶26 In granting attorney fees to Renville, the District Court relied on § 27-8-313, MCA, and this Court's interpretation of that statute as set out in *Buxbaum.* The statute provides:

> Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefore shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by a declaratory judgment or decree to show cause why further relief should not be granted forthwith.

¶27 We concluded in *Buxbaum* that § 27-8-313, MCA, provides discretionary authority for an award of attorney fees under such circumstances as the district court deems "necessary and proper." *Buxbaum*, ¶ 46. In *Buxbaum*, the Court adopted the "tangible parameters" established by the Ohio Court of Appeals to be used in determining when attorney fees are "necessary and proper" in a declaratory judgment proceeding. In *McConnell v. Hunt Sports Ent.* (1999 Ohio Ct. App.) 725 N.E.2d 1193, the Ohio court concluded that such fees are necessary and proper when:

> (1) an insurance company possesses what the plaintiffs sought in the declaratory relief action;

(2) it is necessary to seek a declaration showing that the plaintiffs are entitled to the relief sought; and

(3) the declaratory relief sought was necessary in order to change the status quo.

*McConnell*, 725 N.E.2d at 1225.

¶28    In awarding attorney fees, the District Court carefully analyzed the facts and circumstances of the case before us, correctly interpreted our holding in *Buxbaum*, accurately applied our holdings in *Renville I* and *Renville II*, and concluded that the three-prong test established in *McConnell* was satisfied.  We conclude that the District Court did not abuse its discretion in doing so.

¶29    Did the District Court abuse its discretion in its determination of the amount of attorney fees awarded to Renville?

¶30    On December 3, 2003, the District Court conducted an evidentiary hearing on the matter of the amount of fees to award Renville.  After this hearing and upon consideration of the parties' pleadings, arguments and evidence, the District Court awarded $27,750.00 in attorney fees to Renville.  While Farmers argues that the District Court erred in the amount it awarded Renville, it has failed to demonstrate that the determination constituted an abuse of discretion.

¶31    The District Court carefully considered the following factors presented in *Plath v. Schonrock*, 2003 MT 21, ¶ 36, 314 Mont. 101, ¶ 36, 64 P.3d 984, ¶ 36:  (1) the amount and character of the services rendered; (2) the labor, time and trouble involved; (3) the character and importance of the litigation in which the services were rendered; (4) the amount of

10

money or the value of the property to be affected; (5) the professional skill and experience called for; (6) the attorneys' character and standing in their profession; and (7) the results secured by the services of the attorneys.

¶32 We conclude that the District Court's determination of fees was based on competent evidence and sound analysis. We further conclude that the court did not act arbitrarily or fail to employ conscientious judgment, nor did the determination exceed the bounds of reason. We therefore affirm the court's Order of fees.

¶33 Renville asks that we award her sanctions under Rule 32, M.R.App.P., for a frivolous appeal. In the alternative, she requests an order that Farmers must pay her costs and attorney fees expended in responding to Farmers' appeal. We decline to award sanctions. Moreover, as noted above, the fees in this matter were awarded by the District Court under § 27-8-313, MCA. We decline to expand the authority available under the Uniform Declaratory Judgments Act to include consideration of an award of attorney fees on appeal from the entry of declaratory judgment in district court. Therefore, Renville's request for fees is also denied.

¶34 Finally, given that this case has now been before us three times, we feel constrained to address Farmers' insistence that the ultimate effect of what has occurred here is the imposition of liability against it for "unproven and uncertain" damages, and the requirement for it to pay medical bills which do not even yet exist. Farmers has misinterpreted the District Court's Order. Under *Renville I*, *Renville II*, and the District Court's October 10, 2003 Order, Farmers must pay the $17,553.00 awarded to Renville by the jury. It must pay

11

interest on the unpaid portion of this award from December 10, 1998. Farmers must also pay the "ongoing expenses" of $7,897.02 that were determined in the declaratory action proceeding to be causally related to the accident. Additionally, it must pay interest that has accrued on these expenses since the date the expense was incurred. As to any additional medical expenses which might be submitted by Renville for payment, if liability for the payment is reasonably clear, Farmers must pay the bill. *Ridley*, 286 Mont. at 334. If it is not reasonably clear that the expense is causally related, then Farmers may counter Renville's proof that the expenses are causally related with evidence of its own to the effect that these particular expenses are not related to the accident--just as it had the (unexercised) right to do with respect to the new expenses submitted during the declaratory proceeding. Should a genuine issue of material fact be presented as to whether such additional medical expenses are causally related to the accident, then it will be up to the jury to answer the question.

## CONCLUSION

¶35  Affirmed.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ JOHN WARNER

12