IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 05-381

FILED

AUG 1 0 2005

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

|  |  |  |
|---|---|---|
| MARVIN PANKRATZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MONTANA SEVENTEENTH JUDICIAL | ) | |
| DISTRICT COURT, VALLEY COUNTY, | ) | |
| HONORABLE JOHN C. McKEON, Presiding, | ) | |
| | ) | |
| Respondent. | ) | |

In our case *Pankratz Farms, Inc. v. Pankratz*, 2004 MT 180, 322 Mont. 133, 95 P.3d 671, we decided that the underlying facts of this case required the District Court to dissolve the partnership called Pankratz Brothers (the Partnership) pursuant to § 35-10-624, MCA. On remand, the District Court scheduled an evidentiary hearing to determine whether the other partners should be allowed to purchase Marvin Pankratz's interest in the partnership as a dissociation under § 35-10-624, MCA. Marvin petitioned this Court for a Writ of Supervisory Control to prevent the District Court from considering Marvin's dissociaton from the partnership and ordering the District Court to abide by this Court's decision in *Pankratz Farms, Inc.*

Citing *State v. Gilder*, 2001 MT 121, ¶ 9, 305 Mont. 362, ¶ 9, 28 P.3d 488, ¶ 9, Marvin argues that, under the law of the case doctrine, *Pankratz Farms, Inc.* binds the District Court. Thus, the argument goes, since the parties cannot relitigate the same case between the same parties, the District Court must dissolve the partnership according to this Court's decision and cannot consider dissociation. We agree. Our decision in *Pankratz Farms, Inc.* stands as written.

1

The Respondents argue that exceptions to the law of the case doctrine apply to this situation. They argue that, like *State v. Bretz* (1979), 180 Mont. 307, 313, 590 P.2d 614, 617, failing to consider events subsequent to our decision could create a manifest injustice. The Respondents have alleged no facts that could change the resolution of *Pankratz Farms, Inc.* None of the other exceptions to the law of the case doctrine apply.

IT IS HEREBY ORDERED

1. Pankratz's petition for a writ of supervisory control is GRANTED.

2. The District Court's January 28, 2005, Order Granting Leave to File Supplemental Pleading and to Vacate Hearing is vacated.

3. The District Court's March 23, 2005, Order Setting Evidentiary Hearing and May 2, 2005, Modifying Order are vacated.

4. This matter is remanded for dissolution of the Partnership per our decision in *Pankratz Farms, Inc.*

DATED this 10th day of August, 2005.

Chief Justice

Justices

2