JUSTICE RICE
concurs in part and dissents in part.
¶30 I concur with the Court in affirming Issue 1, but I would also affirm the District Court’s award of attorney fees under Issue 2.
¶31 The Court relies on Renville v. Farmers Insurance Exchange, 2004 MT 366, 324 Mont. 509, 105 P.3d 280 (Renville III) in determining to reverse the award of attorney fees. We said in Renville III:
[T]he award of attorney fees is a discretionary function of the District Court and we will not overturn such an award absent an abuse of discretion. An abuse of discretion occurs when the *174 district court judge acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reasoning resulting in substantial injustice. [Citation omitted.]
Renville III, ¶ 24.
¶32 The District Court entered four orders addressing the attorney fee issue, including a fourteen-page order discussing and denying Martin’s motion for reconsideration of the court’s award of attorney fees to SAIF, wherein the court delineated its reasoning and applied the three prongs of the “tangible parameter” test requiring that an award be “necessary and proper.” I am hard pressed to conclude that the court acted “arbitrarily without employment of conscientious judgment” on this issue.
¶33 Under the three-part test, as enunciated in Renville III, ¶ 27, the Court concludes that “SAIF cannot satisfy even the first prong,” see ¶ 26, which requires that “an insurance company possesses what the plaintiffs sought in the declaratory relief action.” Renville III, ¶ 27. It is not clear to me from the Court’s opinion why SAIF cannot satisfy this prong, unless we intend to strictly construe the test as applying to cases where an insurance company “possesses” something. In my view, Martin possessed something that SAIF sought and was legally entitled to by virtue of the Oregon litigation, which should satisfy the first prong. The District Court’s reasoning was perhaps truer to the wording of the first prong: “If this Court were to characterize what SAIF Corporation possessed and what Martin sought in the Montana declaratory judgment action, it would be that SAIF Corporation possessed a binding Oregon decision and Martin failed to appeal the decision that Oregon law applied to the settlement proceeds.” Under either of these “possession” theories, I would hold that SAIF satisfied the prong.
¶34 Regarding the second prong, whether it was “necessary to seek a declaration,” Renville III, ¶ 27, although Martin initiated the litigation, SAIF was forced to participate in the litigation to avoid defaulting to Martin, and thus, its participation was “necessary” in order to protect its interest.
¶35 Regarding the third prong, whether “the declaratory relief sought was necessary in order to change the status quo,” Renville III, ¶ 27, the District Court noted, that it was Martin who sought to change the status quo, which required SAIF to litigate identical issues in different forums. The Court finds this to be insufficient under the third prong, concluding that because SAIF had already obtained an order directing Martin to pay in Oregon, “it was not necessary [for] SAIF to seek a *175 declaration from the Montana court in order to change the status quo.” See ¶ 27. I would admit that, in a very technical sense of the term “status quo,” this observation is true. However, Martin would not honor the legal “status quo” (the Oregon order), abandoned his litigation within the Oregon courts and challenged the Oregon order in Montana. As a practical matter, Martin’s refusal to honor the Oregon order and pay SAIF created a new “status quo” which required SAIF to participate in the Montana litigation to obtain relief.
¶36 The Court’s application of the three-prong test seems rigid and technical. I would conclude that the District Court did not abuse its discretion and affirm the attorney fee award.