ORIGINAL

FILED

05/18/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0210

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0210

FILED

MAY 1 8 2021

Bowen Greenwood
Supreme Court
of Montana

DARRIN LELAND REBER,

Petitioner,

v.

ORDER

PETER BLUDWORTH,

Respondent.

Self-represented Petitioner Darrin Leland Reber has filed a verified Petition for Writ of Habeas Corpus, challenging the jurisdiction of the Fourth Judicial District Court, Missoula County. Reber raises eighteen claims and concludes that he is illegally and unlawfully incarcerated. Reber also filed a Motion for Summary Judgment and states that the Attorney General shall file a response due to his Motion.

On July 11, 2017, the Missoula County District Court revoked Reber's 2014 sentence for the conviction of criminal possession of dangerous drugs with intent to distribute and imposed a five-year unsuspended commitment to the Department of Corrections (DOC) (Cause No. DC 14-189) (sentence upon revocation). Reber received two other sentences on that day. The District Court sentenced Reber for two separate counts of criminal possession of dangerous drugs with intent to distribute to the DOC for twenty years with fifteen years suspended (Cause Nos. DC 16-548 and 17-202) (2017 sentences). All sentences were to run concurrently.

Reber did not appeal his sentence upon revocation, but through counsel, he appealed the 2017 sentences. We consolidated his appeals upon his counsel's motion. *State v. Reber*, Order (Mont. Sept. 18, 2018) (No. DA 17-0578 consolidated under DA 17-0577). His counsel moved to withdraw representation, pursuant to § 46-8-103(2), MCA, and *Anders v. Ca.*, 386 U.S. 738, 87 S. Ct. 1396 (1967), filing a supporting brief. Reber filed

an eighty-seven-page response. We allowed his appeal to proceed, only later to dismiss it with prejudice for failure to file his opening brief after being given additional time and directed to do so. *State v. Reber*, No. DA 17-0577 Order (Mont. May 8, 2019).

In 2020, Reber sought to appeal the 2017 sentences by filing two verified Petitions for an Out-of-Time Appeal, seeking to exhaust his remedies. We explained that he had exhausted his appeal remedies with this Court for those sentences.

> Reber cannot seek another appeal of the same underlying cases a year and half later with this Court. These May 8, 2019 Orders were final. M. R. App. P. 19(2). "Under the doctrine of law of the case, a prior decision of this Court resolving a particular issue between the same parties in the same case is binding and cannot be relitigated." *State v. Gilder*, 2001 MT 121, ¶ 9, 305 Mont. 362, 28 P.3d 488 (citation omitted). While this Court did not decide any issues, we decided that his appeal should be dismissed because Reber chose not to prosecute his appeal. We have applied the doctrines of law of the case and res judicata, meaning something that has already been adjudicated, to support this Court's practice "generally to refuse to reopen what has been decided[.]" *Gilder*, ¶¶ 9, 11 (citation omitted). Reber has provided no legal authority to circumvent res judicata and cannot now have a "second bite" of the same apple.

*State v. Reber*, No. DA 20-0598, Order, at 1-2 (Mont. Dec. 29, 2020).

As a threshold matter concerning his instant Petition, Montana Rules of Civil Procedure, such as a motion for summary judgment under M. R. Civ. P. 56, do not apply to original proceedings in this Court. *See* M. R. Civ. P. 1 (these rules are limited in scope to district court proceedings). Reber mentions a 12(b)(6) motion in his instant Petition; M. R. Civ. P. 12(b)(6) does not apply here either. We also point out that Reber's citations to federal case law and the Federal Rules of Civil Procedure (FRCP) are unavailing and do not advance his arguments. Lastly, the Attorney General would only respond to a petition, such as Reber's, upon this Court's order, directing it to do so. M. R. App. P. 14(7)(a).

Under the statute for habeas corpus relief, "every person imprisoned or otherwise restrained of liberty within this state may prosecute a writ of habeas corpus to inquire into the cause of imprisonment or restraint and, if illegal, to be delivered from the imprisonment or restraint." Section 46-22-101(1), MCA.

2

Reber requests dismissal of the charges and dismissal with extreme prejudice of the cases in the Missoula County District Court. He lists eighteen claims: (1) invocation of his natural rights under the supreme law of the land; (2) his status as "a man of GOD, a living soul, natural born, of flesh and blood," etc.; (3) the State of Montana has no standing because it is not a living man or woman; (4) fraud vitiates all, including contracts; (5) fraud committed by the court and "de facto government"; (6) "man and living soul upon the LAND"; (7) "right of self-determination"; (8) "Sui Juris" status; (9) "NOT a PERSON" or U.S. CITIZEN; (10) "natural, free born Sovereign, without subjects"; (11) "exercise Right of Avoidance"; (12) "no valid contract" because of fraud; (13) no crime because no injury to "another soul"; (14) "NOTICE" of "'Net Retentions'"; (15) Fourth Judicial District is a "FOREIGN STATE"; (16) "NOTICE" that his affidavit must be challenged within 21 days "point by point"; (17) demand that his three case are dismissed; and (18) no affording of his rights during the criminal process.

Reber has raised the same or similar claims in both the Missoula County District Court and this Court. Reber's appellate counsel pointed out in the *Anders* brief that the only potential viable claim on appeal was the District Court's denial of Reber's January 31, 2017 Demand and Dismissal, asserting twelve grounds for relief in his motions. These twelve grounds were summarized as: (1) alleging that no complaining party existed; (2) the State of Montana lacks standing; (3) the District Court is acting as an administrative officer; (4) the court lacks jurisdiction to proceed; (5) all statutes are bills of attainder, banned by the U.S. Constitution; (6) the statutes for Reber's offenses are unconstitutional; (7) the District Court has a conflict of interest because it is employed by the State of Montana judicial branch, violating Reber's due process rights; (8) lack of jurisdiction to proceed; (9) Reber is a state citizen and his rights cannot be impaired by legislative or judicial acts; (10) jurisdiction must be plead; (11) insufficient pleading existed to determine a contract; and (12) the District Court Judge did not comply with 5 U.S.C. § 3331 law. His counsel concluded that his grounds were not based in law or fact and that his appeal should not proceed.

3

We conclude that Reber's criminal cases have already been decided and that they need not be reopened. *Gilder*, ¶ 11. Reber is not entitled to dismissal of the charges or dismissal of these three criminal cases. We point out that his claims are beyond the scope of a petition for habeas corpus relief, and we do not need to address "point by point" his claims. Moreover, he is precluded from challenging his convictions and sentences because he has exhausted the remedy of appeal. The companion habeas corpus statute precludes Reber's Petition from proceeding here. "The writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." Section 46-22-101(2), MCA. Reber appealed the 2017 sentences, raising the same or similar claims throughout all his proceedings. Even though he did not appeal his 2014 sentence upon revocation, he is precluded from challenging it now through habeas corpus.

Reber has not demonstrated that he is illegally incarcerated. His sentences are facially valid. Section 46-22-101(1), MCA. Reber's claims lack merit, and he cannot attempt to relitigate such claims through this remedy. Section 46-22-101(2), MCA; *Gilder*, ¶ 10. Accordingly,

IT IS ORDERED that Reber's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Darrin Leland Reber personally.

DATED this 18th day of May, 2021.

_____
Chief Justice

_____

_____

4

_____

_____
Justices