FILED

April 30 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0692

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 118N

BURLY MICHAEL GRIMES,

        Plaintiff and Appellant,

  v.

LIZ RANTZ, MEDICAL DIRECTOR, MONTANA
STATE PRISON, (Individual Capacity),

        Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV-2012-505
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Burly Michael Grimes, self-represented; Deer Lodge, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General; Ira Eakin, McKenzie
Hannan, Special Assistant Attorneys General; Helena, Montana

Submitted on Briefs:  April 3, 2013
Decided:  April 30, 2013

Filed:

_____

Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Burly Michael Grimes (Grimes), appeals from the order entered in this matter by the First Judicial District Court on October 22, 2012, which granted the motion to dismiss this matter filed by Liz Rantz (Rantz).  This is a declaratory action that is related to a tort action also filed by Grimes in the First Judicial District Court against Rantz.  The tort action alleges negligence and violation of Grimes's civil rights by Rantz as a result of Rantz's alleged refusal, in her capacity as medical director for the Department of Corrections, to authorize proper medical care for Grimes.  The State's Tort Defense Division is defending Rantz in that action pursuant to her contract with the State, which provides that the State will defend and indemnify Rantz for duties performed on behalf of the State pursuant to § 2-9-305, MCA.  Section 2-9-305, MCA, governs immunization, defense, and indemnification of public officers and employees.

¶3      Grimes filed this declaratory action "seeking a formal decree as to the Statutory and Contractual legal standing" of Rantz.  His petition alleges, and he argues on appeal,

2

that Rantz is not a state employee, but rather a private contractor who is not entitled to legal representation or indemnification by the State. He further argues that the provision of Rantz's contract with the State that provides for indemnification constitutes an illegal object of contract. Grimes asserts that, without a declaration as to Rantz's legal status, the provisions of § 2-9-305(5), MCA, "would prohibit [Grimes] from recovering judgment against [Rantz] separately should the State 'suddenly decide to take the position that it owes [Rantz] no duty of indemnification.'"

¶4 Grimes's briefing does not address the basis for the District Court's granting of Rantz's motion to dismiss, other than to argue that he has an unspecified constitutional right to the declaratory ruling he requests. The District Court reasoned that the question of whether Rantz is a state employee or a contractor may be an issue in the tort case, but cannot be answered in this declaratory proceeding. Issues such as whether the State would be required to pay damages to Grimes would also be determined in the tort proceeding. Thus, the District Court concluded that there was no justiciable controversy in this case and that Grimes sought only an advisory opinion.

¶5 "The decision to dismiss a complaint for declaratory relief is within the sound discretion of the district court." *Renville v. Farmers Ins. Exch.*, 2003 MT 103, ¶ 9, 315 Mont. 295, 69 P.3d 217 (citation omitted).

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The

issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion. Any legal issues are controlled by settled law and were correctly interpreted by the District Court.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER